ANDERSON JOHNSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. *Alibi*, as a defense, involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence.
2. Unless a written request to charge be all legal and appropriate, the judge may decline it.
3. The evidence was sufficient, and the conviction proper.

Criminal law. *Alibi.* Charge of Court. Before Judge

Rice. Clarke Superior Court. February Adjourned Term, 1877.

Johnson was indicted for the offense of simple larceny, alleged to have been committed in stealing a cow. He was tried and convicted. His defense was an *alibi*. He moved for a new trial, upon numerous grounds. The tenth was, that the court erred in charging the jury, that if the proof of *alibi* does not exclude the possibility of defendant's presence at the scene of the crime, then they ought not to allow the defendant's plea.

The motion was overruled, and the defendant excepted. For the remaining facts, see the opinion.

T. W. Rucker; P. G. Thompson, for plaintiff in error.

A. L. Mitchell, solicitor general, by Jackson & Lumpkin, for the state.

Bleckley, Judge.

1. The defense of *alibi* rests on the proposition, that it was impossible for the prisoner to have been at the scene of the crime, because he was elsewhere. Unless he makes out the impossibility to the reasonable satisfaction of the jury, his defense is a failure. The proof must have such range, as to time and place, that it would be out of the power of the prisoner to have been where the proof of *alibi* places him, and also at the scene of the crime. This is what the court meant in the brief extract from the charge, recited in the tenth ground of the motion for new trial. Thus understood, the charge is not erroneous. Wills on Cir. Ev., 133 ; 74 Pa. State R., 463. It could not have been the purpose of the court to say, that the facts from which the impossibility of presence was to be inferred, must be proved with any higher degree of certainty than is required to establish other like facts in a court of justice. The meaning was, that facts *enough*, and of the requisite kind, must be

proved to lay the foundation for reasonably inferring that the prisoner could not possibly have been present. What degree of mental conviction should be deemed adequate to give the facts a lodgment in the minds of the jury, is not treated of in the part of the charge we are considering. Doubtless, that subject was properly dealt with in the general charge, under the head of reasonable doubt, or some other, which has not been brought up in the record. It cannot be disputed that there is some ambiguity in the part of the charge excepted to. Its language is not precisely accurate. It would be better to say, "The *alibi* proved," than "The proof of *alibi*," if the rest of the sentence be left to stand as it is. Perhaps the best form would be to say, "The proof of *alibi, in respect to time as well as place*," etc. The charge, however, ought to be construed in reference to the evidence which was before the court and jury when it was made. That evidence was not controverted, so far as it went, but it was loose and uncertain in the element of time. It did not show that the prisoner could not have been at the scene of the offense, consistently with what his own witnesses swore as to seeing and hearing him at his own house, before and after the offense was committed. That was the infirmity to which the charge applied. There was no necessary inconsistency between the inculpatory and the exculpatory facts. What the state proved might be true, though all the prisoner proved were true likewise. Because the court charged in ambiguous terms, a reviewing court is not obliged to grant a new trial, though to do so is within its power. 30 *Ga.*, 241; 7 *Ib.*, 494–5; 19 *Ib.*, 335; 14 *Ib.*, 55. In the authority last cited, it is said, on page 65: "A new trial ought never to be granted, notwithstanding some mistake, or even misdirection, by the judge, provided the reviewing court is perfectly satisfied that justice has been done, and that, upon the evidence, no other verdict could properly have been found." On the same page it is said: "If counsel have reason to fear that the jury do not understand the directions given to them, it is their duty to sug-

gest it at the time, in order that the judge may be more explicit." If the charge had misled the jury and produced a wrong verdict against the prisoner, our duty would have been to order a new trial. But, on the evidence in the record, the verdict should be, and, we think, would be, the same if the case were tried over. We have no idea that the evidence in the record, taken all together, makes anything but a case of guilt.

2. The refusal of the court to charge a lengthy extract from an Alabama report (28 Ala., 693), touching the effect of a *prima facie* case, is complained of in the seventh ground of the motion for new trial. We think, as understood in Georgia, a *prima facie* case, in criminal law, is one so strong against the prisoner as to establish his guilt beyond a reasonable doubt. We should not consider the state as having made a case at all without going that far; and no weaker case, remaining at the close of all the testimony, would warrant a conviction. The distinction between civil and criminal cases, in respect to the strength of mental conviction required, is sufficiently indicated in §3749 of the Code, when the usual charge on the subject of reasonable doubt is superadded. As the whole extract from the Alabama book was not appropriate to the case, the refusal of the request was not error.

3. The evidence, as we have already said, supports the verdict. The grounds of motion for new trial, other than those we have disposed of, were waived in the argument.

Judgment affirmed.