## WARE *vs.* THE STATE OF GEORGIA.

1. To sustain the defense of *alibi*, as such, the range of evidence in respect to time and place should be such as to exclude the possibility of the defendant's presence at the scene of the crime at the time of its commission, and the *onus* is on the defendant to sustain his plea.

(*a.*) Although evidence may fall short of establishing the plea of *alibi*, as such, yet it may be considered by the jury with the entire evidence in determining whether a reasonable doubt of defendant's guilt has been raised.

2. The evidence showed that late in the evening, near dark, a girl twelve years of age was passing along a by-way going to the house of a neighbor; that the defendant, a grown man and a stranger, rushed out of the woods on the roadside, seized and squeezed her hand, clasped her in his arms, and was bearing her to the woods, saying that he was going to "take her off," and, upon her crying, that he was going to take her off and kill her; that upon her threatening him with her father, he put her down and ran:

*Held,* that the facts warranted a verdict of assault with intent to rape. The intent could be inferred from the actions of the defendant.

Ware *vs*. The State.

Criminal Law. *Alibi.* New Trial. Before Judge UN-DERWOOD. Floyd Superior Court. March Term, 1881.

Reported in the decision.

J. H. REESE; FORSYTH & HOSKINSON, for plaintiff in error.

J. I. WRIGHT, Solicitor General, by T. W. ALEXANDER, for the state.

SPEER, Justice.

The plaintiff in error was indicted and tried for the offense of assault with intent to commit a rape. Under the evidence and charge of the court, the jury found the defendant guilty, whereupon defendant made a motion for a new trial on the folllowing grounds:

(1.) That the verdict is contrary to the evidence, and without evidence to support it.

(2.) That said verdict is decidedly against the weight of evidence.

(3.) The court erred in charging the jury "that when a defendant undertook to set up an *alibi* in his defense, the burthen of proof is upon him to do it, and he must show such a state of facts by the testimony as will make it certain that he was elsewhere, and that it was impossible for him to have been there at the time and place when it is alleged the offense was occurring. To make it available, it must be certain in point of time. You will ascertain the time in the evening the act was committed, and ascertain where John Ware was at that time ; and when you come to set up an *alibi*, for the *alibi* to be available to him, it must appear certainly where he was, and that he was not at a place where he could have committed the act, but was elsewhere. But, if, on account of the uncertainty of time given by his own witnesses, it is not made certain that he was elsewhere, the *alibi* will not be available." .

(4.) That said verdict is contrary to law.

The court overruled the motion for a new trial, and defendant below excepted.

1. The main point pressed on the argument here was the alleged error in the charge of the court as excepted to. "*Alibi* is a defense that involves the impossibility of the person's presence at the scene of the offense at the time of its commission, and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." *Johnson vs. The State*, 59 *Ga.*, 142 ; *Goldsmith vs. The State*, 63 *Ga.*, 88.

The evidence must show the defendant on trial at the time of the commission of the offense was at another place, and was not, therefore, at the place where the offense was perpetrated. And this fact must be established with certainty. The proof must show (to the satisfaction of the jury) that it was impossible for the accused to be at the time and place where the offense was perpetrated. If it fails in this, the *alibi* as a defense *per se* fails. Not only must the proof show the accused was at a different place from the scene of the offense, but it is equally essential that at the time of the alleged offense it must appear the accused was at a different place from the place where the offense occurred. We think the court designed, and did give in charge in his instruction, the rule above set forth. We do not mean to say, if the *alibi* should fail to be established with the certainty the law requires, that the proof submitted on this point may not be considered by the jury in connection with the other evidence, so as to raise reasonable doubts as to the guilt of the accused. And as there is no complaint that the court did not instruct the jury as to the law of reasonable doubts, we must presume this was done, and if so, then the defendant had the full benefit of the law, and we find no error that entitles him to a new trial on this ground of error.

2. It is further claimed that the verdict is not sustained by the evidence, as there was no sufficient proof of an

intent to commit a rape. The little girl, the subject of this assault, was in a by-way on her way to a neighbor's house; the shades of evening were gathering. Suddenly, without notice, the defendant rushes from the woods on the roadside, demands to know her name and business, takes hold of her hand, squeezes it, clasps his arms around her waist, raises her from the ground, and is bearing her to the edge of the woods, threatening her life to paralyze her with fear, and when in her cries and tears she threatens him with her father, he suddenly drops her on the ground and flees. What other motive could he have had? She was unknown to him. She was an unprotected child, about twelve years of age. The fiendish flame of lust alone could impel him to such acts. In seeking the motives of human conduct, the jury need not stop where the proof ceases; inferences and deductions from human conduct are proper to be considered where they flow naturally from the facts proved. And such conduct as this points with reasonable, if not with unerring, certainty to the lawless intent he had in view.

Let the judgment below be affirmed.