### 4088.   LEWIS v. THE STATE.

POTTLE, J.   1. There was no error in the following charge, defining reasonable doubt: "It means the doubt of a reasonable man and juror who is honestly in search after the truth of the case, and which doubt grows out of evidence, want of evidence, or circumstances in the case." The court having instructed the jury fully and correctly upon the law relative to the prisoner's statement, the omission to state that a reasonable doubt might arise from the statement was not prejudicial; nor is the charge subject to the criticism that the jurors were permitted to consider "circumstances in the case" not developed by the evidence.

2. The following instruction was not erroneous: "When an alibi is set up by the defendant as a defense, the burden of showing the truth of the alibi rests upon the defendant. He is not bound to show the truth of alibi beyond a reasonable doubt, but to the satisfaction of the jury. He is not bound to show it by any higher proof or greater degree of evidence than is necessary to show any other material fact set up in his defense." To carry the burden of proof successfully, it is always necessary to satisfy the jury, and it is not prejudicial so to charge, when, in connection therewith, the correct rule is given in reference to the weight of the evidence.

3. The evidence fully supports the verdict.          *Judgment affirmed.*
                      DECIDED APRIL 16, 1912.

Indictment for sale of liquor; from Early superior court—Judge Worrill. February 29, 1912.

*W. W. Wright, B. R. Collins,* for plaintiff in error.
*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

---

### 4087.   CEASAR v. THE STATE.

HILL, C. J.   1. As to the special assignments of error this case is fully controlled by the decision in *Lewis* v. *State,* ante, 102 (74 S. E. 708).

2. The judge presented to the jury clearly and fully all the material issues made by the evidence, and the excerpts from the charge objected to in the amended motion for a new trial contain no material error. The evidence supports the verdict, and no reason appears why another trial should be granted.          *Judgment affirmed.*
                      DECIDED APRIL 16, 1912.

Conviction of shooting at another; from Early superior court— Judge Worrill. February 29, 1912.

*Byron R. Collins,* for plaintiff in error.
*J. A. Laing, solicitor-general, R. R. Arnold,* contra.