## FALGOUT et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1922.)

No. 3683.

**1. Larceny ⊜⇒32(2)—Indictment for stealing goods from railroad car held sufficient.**

An indictment under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for stealing from a railroad car property constituting part of an interstate shipment, which alleges the time and place, describes the railroad, car, and property, states its value, and names the consignor and consignee, *held* not insufficient, because it did not allege the ownership of the property.

**2. Criminal law ⊜⇒572—Evidence of alibi is sufficient defense, if it raises reasonable doubt.**

The burden of proof is not on a defendant to establish an alibi by a preponderance of the evidence, but evidence tending to prove an alibi is in rebuttal of the evidence of the prosecution tending to support the charge, and if, in connection with all the other evidence in the case, it raises a reasonable doubt of guilt, defendant is entitled to an acquittal.

**3. Criminal law ⊜⇒80—Defendant, charged as accomplice, is prejudiced by error in conviction of principal.**

A defendant, admittedly not present at the commission of a crime, can be convicted as an accomplice only on conviction of those directly charged with its commission, and is prejudiced by an error which renders their conviction illegal.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Criminal prosecution by the United States against Camille Falgout and others. Judgment of conviction, and defendants bring error. Reversed.

Fred A. Middleton, Chandler C. Luzenberg, and Clarence S. Hebert, all of New Orleans, La., for plaintiffs in error.

Louis H. Burns, U. S. Atty., of New Orleans, La. (W. J. O'Hara, Asst. U. S. Atty., of New Orleans, La., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The seven plaintiffs in error (hereinafter referred to as the defendants) were convicted on both of the two counts of the indictment. One of the counts charged that they, at a stated time and place, "did unlawfully, willfully, knowingly and feloniously take, steal, and carry away from a certain railroad car, to wit, N. P. 22137, which said car was then and there on the tracks of the Texas & Pacific Railroad Company, 17 drums of alcohol, which said 17 drums of alcohol were then and there moving as and constituted part of an interstate shipment of freight, that is to say, a shipment of alcohol from the Kentucky Distilleries & Warehouse Company, at Westwego, in the state of Louisiana, to the Lyke Medicine Company, at Kansas City. in the state of Missouri, via the Texas & Pacific Railroad Company, with the felonious intent," etc.; the value of such alcohol being alleged.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The other count charged that the defendants at the same time and place conspired to commit the offense charged in the first mentioned count; overt acts to effect the object and purpose of such conspiracy being alleged.

[1] The record does not show that a question as to the sufficiency of the indictment was raised in the trial court. In this court the sufficiency of the indictment is questioned on the ground of the absence of an allegation of the ownership of the alcohol which was the subject of the offenses attempted to be charged. The judgment is not subject to be reversed because of a defect or imperfection in the indictment in matter of form only, which does not tend to prejudice the defendants. U. S. Compiled Statutes, § 1691. It is enough to defeat the above-mentioned contention, first made in this court, if the indictment stated the elements of the offenses with sufficient particularity fully to advise the defendants of the crimes charged, and to enable the conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offenses. New York Central & H. R. R. Co. v. United States, 212 U. S. 481, 29 Sup. Ct. 304, 53 L. Ed. 613. The allegations as to time and place, as to the number and initials of the car from which the described alcohol was stolen or conspired to be stolen, as to the name of the carrier, and as to the names and addresses of the consignor and consignee, fully identified the shipment which was the subject of the offenses charged. The averments of the indictment were sufficient to meet the above-stated requirements. Bloch v. United States (C. C. A.) 261 Fed. 321.

[2] At the time stated in the indictment one of the defendants, Aubert Tassin, was the foreman of a switching engine and crew of the Texas & Pacific Railroad Company. On the night of November 27, 1920, three cars, one being car No. N. P. 22137, containing 17 drums of alcohol, were taken from the Kentucky Distillery by the switch engine under Tassin's control, and about 9 p. m. left on the main line of the Texas & Pacific Railroad a short distance from the junction of the Kentucky Distillery spur track with the main line. The engine, after it was uncoupled from the car containing the alcohol, proceeded to the Gillican & Chipley plant, about 1,500 feet farther away from the Texas & Pacific terminal yards. After the engine did some switching at the Gillican & Chipley plant, it proceeded back on the main line, took up the cars left thereon, and moved them to the terminal yards. There was evidence tending to prove that, between the time the engine so left the three cars on the main line and the time it returned thereto, the plaintiffs in error, other than Tassin, participated in taking from said car N. P. 22137 the 17 drums of alcohol; that car being resealed after the alcohol was taken from it. There was evidence having some tendency to prove that the leaving of that car at the place where its contents were stolen was the result of an agreement or understanding between Tassin and the other defendants, or some of them. In behalf of each of the defendants other than Tassin evidence was adduced tending to prove an alibi; that each of them, at the time the crime was committed, was at a place other than the scene of the crime. Each of the defendants other than Tassin excepted to the refusal of the court

to give the following charge severally requested in behalf of all of them:

"Where the defense is an alibi, then the evidence in support of it should be considered in connection with all the other evidence in the case, and if, on the whole evidence, there is reasonable doubt of the guilt of an accused, he should be acquitted. The burden of proof is not upon an accused to establish an alibi by a preponderance of evidence."

The following is the only part of the charge given by the court which dealt with the subject of an alibi:

"The defendants have all endeavored to prove an alibi; in other words, to show that they were not at the scene of the crime when the crime was committed. Evidence of an alibi is entitled to no more weight than evidence of a crime; in other words, because a man shows an alibi, that does not give any sanctity or higher character to his evidence showing he was not there over the evidence showing that he was there. So you will consider that the same as every other circumstance in the case, and the same rules of measuring the weight or sufficiency of the evidence and the credibility of the witnesses apply to the witnesses to prove an alibi as apply to the other witnesses of the crime itself."

The evidence adduced raised the question whether each of the defendants other than Tassin, when the car was broken into and the alcohol taken therefrom, was or was not at a place at which he could take part in the commission of the crime. If the court did not of its own motion give to the jury proper and adequate instructions for their guidance in dealing with the question so raised, the defendants were entitled, on request duly made, to have the court give a proper specific charge on that subject. Goldsby v. United States, 160 U. S. 70, 77, 16 Sup. Ct. 216, 40 L. Ed. 343. The above set out requested charge was a correct statement of law applicable to the question raised by the evidence tending to prove alibis. By adducing that evidence the defendants did not assume any burden of proof. After, as well as before, that evidence was adduced, the burden was on the prosecution to prove that when the crime was committed the defendants were at a place at which they could take part in the commission of it and that they did participate in committing it.

Evidence tending to prove an alibi was in rebuttal of evidence offered by the prosecution tending to sustain the charges contained in the indictment. Such evidence is effective in behalf of a defendant in a criminal case, if it, when considered in connection with the other evidence adduced, gives rise to a reasonable doubt of his guilt of the offense charged, though there is no finding that an alibi was shown by a preponderance of evidence. The burden of proof did not shift, and it was not upon the defendants to establish alibis by a preponderance of evidence. Glover v. United States, 147 Fed. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184. The charge given by the court did not at all deal with the question whether the defendants, by offering evidence tending to prove an alibi, did or did not assume the burden of proving anything. The statement in the court's charge that the defendants "are presumed to be innocent, and the burden is on the government to prove their guilt beyond all reasonable doubt," cannot properly be regarded as having the effect of informing the jury that the defendants did not assume any burden of proof by adducing evidence tending to prove an alibi.

The propositions of law, notably the last-stated one, contained in the refused charge, were not covered in the charge given by the court. By the refusal to give the requested charge; the court withheld proper instructions, which the defendants were entitled to have given to the jury. In the absence of appropriate instructions on the subject, it cannot be presumed that the jury properly considered the evidence as to alibis in connection with all the other evidence in the case, and that they were not influenced by the erroneous belief that the defendants, by offering evidence tending to prove alibis, assumed the burden of proving what they attempted to prove. The conclusion is that the refusal to give the requested charge was reversible error.

[3] The court charged the jury to the effect that the defendant Tassin, who, under the evidence, was not at the scene of the crime when the alcohol was stolen, could not be convicted, except as an accomplice of one or more of the other defendants. The charge of conspiracy was sought to be supported by evidence of concerted action by the defendants at and near the time the alcohol was stolen. As the judgment must be reversed as to the defendants other than Tassin, it must be reversed as to him also, because the only evidence adduced which would support a verdict against him was that tending to prove that he consciously aided his codefendants by affording them the opportunity to commit the crime. In such a state of the evidence he could not properly be convicted prior to a proper finding of the guilt of one or more of his codefendants. He was prejudicially affected by the above-mentioned error.

Because of that error, the judgment is reversed.