## 15939. COPELAND *v.* THE STATE.

The charge of the court as to reasonable doubt and as to the sufficiency of circumstantial evidence was not subject to the exceptions taken.

The charge as to the burden to establish the defense of alibi was not error.

The verdict finding the accused guilty of arson was authorized by the evidence.

DECIDED DECEMBER 9, 1924.

Indictment for arson; from Emanuel superior court—Judge Hardeman. August 28, 1924.

Application for certiorari was denied by the Supreme Court.

*F. H. Saffold,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.

LUKE, J. 1. The court instructed the jury as follows: "When arson is charged, the burden is on the State to show, either by direct or by indirect or circumstantial evidence, or by some circumstantial evidence satisfactory to the jury, that the house was actually burned by some criminal agency. Second, the burden is on the State to show that the man the State says did it was the man that did it. Now, when the State does that, if the defendant's evidence is insufficient to raise a reasonable doubt in your minds, and the State shows those two things beyond a reasonable doubt, that is all the law requires, and you would be authorized to convict." In view of that part of the instruction which required the State to show "those two things beyond a reasonable doubt," this charge was not subject to the criticism that it excluded from the consideration of the jury any reasonable doubt that might arise from evidence introduced by the State or from the entire evidence. Especially is this true when the excerpt here complained of is considered in the light of the entire charge and of the very full and fair statement therein of the rule with respect to any reasonable doubt arising from the evidence or from the lack of evidence.

2. The court instructed the jury as follows: "The rule at last is this, in a criminal case: not that the testimony at which the conclusion points may be false, but are all the facts and circumstances sufficient to satisfy your minds and consciences to a moral and reasonable certainty and beyond a reasonable doubt? If it does, you would be authorized to convict; if it does not, you ought to acquit." The omission to add in immediate connection with this part of the charge the further instruction that the jury must be satisfied of the defendant's guilt to the exclusion of every other

reasonable hypothesis affords no cause for a new trial, even though the case was dependent wholly upon circumstantial evidence, the court having fully and fairly instructed the jury elsewhere in the charge touching the weight and sufficiency of such evidence. *Young* v. *State,* 95 *Ga.* 456 (3) (20 S. E. 270).

3. The accused having set up the defense of alibi, the court did not err in instructing the jury that the burden was upon him to establish that defense "by a preponderance only, or greater weight, of the evidence," since, immediately after such charge, the court instructed the jury to consider all the evidence offered, including that as to alibi, in determining whether the evidence as a whole was sufficient to convince them of the defendant's guilt beyond a reasonable doubt. *Bone* v. *State,* 102 *Ga.* 387 (2) (30 S. E. 845).

4. The evidence authorized the verdict, which has the approval of the trial judge, and for no reason assigned was the judgment overruling the defendant's motion for a new trial erroneous.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*