## LAMINACK *v.* THE STATE.

No. 12641. FEBRUARY 17, 1939. REHEARING DENIED MARCH 10, 1939.

*Claude V. Driver,* for plaintiff in error.
*M. J. Yeomans, attorney-general, Hal C. Hutchens, solicitor-general, E. J. Arnall, E. J. Clower,* and *Herschel E. Smith,* contra.

DUCKWORTH, Justice.   Robert Laminack was jointly indicted with Jay McKibben and Delbert Pruitt.   Laminack was tried separately and convicted of robbery with force, intimidation, and violence.   He filed his motion for new trial, which was denied, and he excepted.   The uncontradicted evidence proved that the crime of robbery had been committed as alleged in the indictment, the only issue upon the trial being whether or not the defendant Laminack had committed it.   On this issue the State relied upon the testimony of George Green, the victim, who testified that Laminack was the man who had pointed a pistol in his face and demanded his money, that he was accompanied at the time by at least one other man, and that after forcing witness and his wife to lie face downward on the floor, beating them over the head, and making other threats unless they told them where the money was, and they had finally told them it was in the overalls pocket of witness, where he had laid them when he undressed to retire, they left, and witness found his pockets empty, $11, consisting of a ten-dollar bill with one corner torn off and a one-dollar bill, being gone.   The witness identified the defendant among eight or ten other prisoners in the jail at Shelby, Alabama.   A 45-caliber pistol taken off the defendant after the crime had been committed, and which Green testified resembled the one pointed in his face, was introduced in evidence.   The State's evidence showed that the crime was committed sometime between ten and eleven-thirty on the night of May 12, 1938.   The defendant produced three witnesses who testified that they saw the defendant continuously from 8:45 to 11:15 on the night of May 12, 1938, at a place other than the scene of the crime.

■   Complaint is made of the following excerpt from the charge: "But whether the alibi has been established or not, the law makes it your duty to take all the evidence of alibi, along with all the other evidence in the case, to aid you, if it does aid you in any way, in determining whether or not it generates in your minds this reasonable doubt such as I have explained to you, and which would entitle the defendant to an acquittal," on the ground that it was too loose and too weak, and did not cover the issue of reasonable doubt of the defendant's presence at the scene of the offense, and also upon the ground that it did not accurately state the rule governing the second branch of alibi.   This portion of the charge was immediately preceded by an instruction to the jury that, while the

burden was upon the defendant to prove alibi, this proof need only be by a preponderance of evidence, and the charge excepted to properly instructed the jury that if the alibi had not been established to their satisfaction, they should consider the evidence of alibi along with the other evidence, and if, in so doing, there was generated a doubt in their minds as to the defendant's guilt, it would be their duty to acquit him. This was a correct statement of the law, and it was not error for any of the reasons assigned. *Harrison* v. *State*, 83 *Ga.* 129 (3) (9 S. E. 542) ; *Knight* v. *State*, 143 *Ga.* 678 (4) (85 S. E. 915) ; *Dean* v. *State*, 154 *Ga.* 533 (4) (114 S. E. 809) ; *Eugee* v. *State*, 159 *Ga.* 604 (13) (126 S. E. 471).

■ Ground 2 complains of a long portion of the charge on conspiracy, contending that it repeated the words "robbery," "crime," "committed," and "commit" too frequently, and that this was argumentative in favor of the State. We have carefully read the charge excepted to, but it would consume too much space to quote it here. It is not erroneous for any reason assigned; and while perhaps not as succinct as it might have been, yet it is good in substance and is a correct charge on the law covered. *Clements* v. *State*, 84 *Ga.* 660 (11 S. E. 505, 20 Am. St. R. 385) ; *Crawford* v. *State*, 90 *Ga.* 701 (2) (17 S. E. 628, 35 Am. St. R. 242) ; *Richmond Hosiery Mills* v. *Hayes*, 146 *Ga.* 240 (91 S. E. 54) ; *Daniels* v. *State*, 162 *Ga.* 366 (133 S. E. 866) ; *Jackson* v. *State*, 172 *Ga.* 575 (158 S. E. 289) ; *Sims* v. *State*, 177 *Ga.* 266 (3) (170 S. E. 58) ; *Butler* v. *State*, 178 *Ga.* 700 (2) (173 S. E. 856).

■ Ground 3 complains because "the court failed to charge the jury that the burden is on the State to prove beyond a reasonable doubt that there was a conspiracy between the parties alleged in the indictment, and that the State must prove a conspiracy, and that the State must prove beyond a reasonable doubt that this defendant was there, participating in the offense in some way, if there had been an offense committed." The judge properly instructed the jury on the law of conspiracy, as shown in division 2. He further instructed them that the State had the burden of proving every material allegation made in the indictment "beyond a reasonable doubt." This criticism is without merit.

■ Ground 4 is expressly abandoned by counsel.

■ The evidence was sufficient to support the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*