## KITCHENS v. THE STATE.

CANDLER, Justice. L. E. Kitchens was convicted of robbery by force under an indictment charging that he did, on September 27, 1952, in Bibb County, "unlawfully and with force and arms, wrongfully, fraudulently and violently and by force and intimidation take from the person of Willie Gowder, without his consent and with an intent

to steal the same, $32.00 in lawful money of the United States, . . personal goods of the said Willie Gowder, contrary to the laws of said State, the good order, peace and dignity thereof." He moved for a new trial on the usual general grounds and a special ground, which alleged that the judge erred on the trial in charging the law of alibi since an instruction on that subject of the law, though abstractly correct as given, was unauthorized by his statement to the jury or the evidence. His motion, as amended, was overruled and the exception is to that judgment. *Held:*

1. The verdict is amply supported by evidence and has the approval of the trial judge. This being true, the general grounds of the motion for new trial are not meritorious.

2. The special ground of the motion for new trial is also without merit. Alibi, as a defense, involves the impossibility of the defendant's presence at the scene of the offense at the time of its commission (Code, § 38-122); and, as a matter of pleading, the defense of alibi is covered by the general issue of not guilty. *Westbrook* v. *State,* 91 *Ga.* 11 (1) (16 S. E. 100). The accused, in his statement to the jury, denied-being present at the scene of the robbery for which he was indicted, at the time of its commission, saying he left the place where the State contends the robbery occurred some two hours before it happened. He also denied any knowledge of or participation in the alleged robbery. He introduced testimony for the purpose of showing, and tending to show, that he was not present at the scene of the robbery, but was elsewhere at the time of its commission. In these circumstances, a charge on alibi was not only authorized by the defendant's statement, but required by his evidence. *Westbrook* v. *State,* supra; *Taylor* v. *State,* 155 *Ga.* 785 (118 S. E. 675); *Wynes* v. *State,* 182 *Ga.* 434 (185 S. E. 711); *Johnson* v. *State,* 188 *Ga.* 771 (4) (4 S. E. 2d, 639); *Henderson* v. *State,* 207 *Ga.* 206 (1) (60 S. E. 2d, 345), and citations. A failure to have charged upon the subject of alibi in the case at bar would have been erroneous. *Fletcher* v. *State,* 85 *Ga.* 666 (11 S. E. 872); *Moody* v. *State,* 114 *Ga.* 449 (40 S. E. 242).

3. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18217. Submitted May 11, 1953—Decided June 9, 1953—Rehearing denied July 15, 1953.

*Edward F. Taylor,* for plaintiff in error.

*Wm. M. West,* Solicitor-General, *Charles F. Adams,* Assistant Solicitor-General, *Eugene Cook,* Attorney-General, and *Rubye G. Jackson,* contra.