36047, 36048. MOULTRIE *v.* THE STATE.

CARLISLE, J. The defendant was, in two separate indictments, charged with burglary. In one indictment he is charged with breaking and entering the described storehouse of a named person and stealing a quantity of narcotics, and in the other he is charged with breaking and entering the described storehouse of another named person and stealing a quantity of men's shirts and a steel safe. Upon the trial of the two indictments together, the jury found him guilty under each indictment. His motions for a new trial, which are identical in the two cases, were overruled and he assigns error here on those judgments. As a determination of the questions presented in one case will be decisive of the other case, they are considered here together.

1. A special ground of a motion for a new trial assigning error on an alleged illegal admission of evidence is without merit where substantially the same evidence is elsewhere admitted without objection. *Sechler* v. *State,* 90 *Ga. App.* 700 (83 S. E. 2d 847); *Robertson* v. *Robertson,* 90 *Ga. App.* 576 (6) (83 S. E. 2d 619); *White* v. *State,* 93 *Ga. App.* 345. Ground 4 of the motion for a new trial, in which complaint is made that the testimony of a named witness that the lock on the storehouse had "evidently been prized off," was a conclusion, is without merit as the trial court qualified his approval of this special ground with the statement that prior to the ruling complained of the same witness had already testified that "it [the lock] was prized off."

2. Grounds of objection to evidence which are not presented to the court at the time the objectionable evidence is offered, or then ruled upon by the court, but are set out for the first time in a ground of a motion for a new trial avail nothing. The failure of the accused in a criminal case to object to the evidence at the time it is offered, or at any time during

the trial, constitutes a waiver of his right to object. *Taylor* v. *State*, 44 *Ga. App.* 821 (163 S. E. 271). In a note to special ground 5, the trial court states that the objection to the evidence recited in the ground was not urged at the time the evidence was offered. This court, consequently, will not determine whether or not the evidence was objectionable.

3. Grounds of a motion for a new trial which are not complete within themselves will not be considered by the appellate courts. *Caesar* v. *State*, 22 *Ga. App.* 796 (97 S. E. 255). Special ground 6 is unintelligible without reference to other parts of the record and will not be considered.

4. In special ground 7 complaint is made that the trial court excluded from evidence the testimony of a witness as hearsay that the defendant had purchased the car, in which the stolen goods and certain tools were used, for her son and that the automobile actually belonged to her son. To this ground the trial court appended a qualifying note that it only ruled out so much of the witness' testimony as was connected with her statement, "I am taking his word for it," and that it ruled that she might testify as to the ownership of the automobile if she could do so from her knowledge, which she did. This ground of the motion for a new trial is consequently not subject to be considered by this court. *Williford* v. *State*, 56 *Ga. App.* 40 (9) (192 S. E. 93).

5. Special ground 8 of the motion for a new trial, in which complaint is made of the trial court's failure to charge the jury that the burden is on the State to prove every material allegation of the indictment, is without merit as the trial court charged fully upon the burden of proof in its general charge, and in the absence of a timely written request to charge that the burden is upon the State to prove every material allegation of the indictment, there was no error in failing to give such charge. *Swint* v. *State*, 203 *Ga.* 430 (5) (47 S. E. 2d 65).

6. A special ground of a motion for a new trial assigning error upon the failure of the court "to charge substantially as to credibility of witness, the burden is on the State," is too general to present any question for determination by this court. *Goen* v. *State*, 24 *Ga. App.* 370 (100 S. E. 769); *Allen* v. *State*, 8 *Ga. App.* 284 (2) (68 S. E. 1009), and special ground 9 is not considered.

7. For the trial court to have charged, as the defendant in special ground 10 maintains it should, that the State had failed to show that the defendant was driving the get-away car and that the evidence showed that he did not actually own the automobile, and that there was no evidence that he drove the automobile, would have constituted a violation of Code § 81-1104. There is no merit in this ground.

8. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code § 38-122. To charge that the defendant in a criminal case must establish a defense of alibi by a preponderance of the evidence would be erroneous as placing upon the defendant a greater burden than is required by law. *Bone* v. *State*, 102 *Ga.* 387 (2) (30 S. E. 845). The excerpt from the charge of which complaint is made in special ground 11 was substantially in the language of Code § 38-122, and the trial court did not err in failing to charge that the defendant was required to establish his alibi by a preponderance of the evidence.

9. The corpus delicti of each of the two burglaries was clearly established by the evidence and the defendant's connection with the commission of both the burglaries was established by both positive and circumstantial evidence, and the evidence, consequently, authorized the verdicts finding the defendant guilty under both indictments. The general grounds of the motion for a new trial are without merit.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 20, 1956.

*James R. Venable, Al Jennings,* for plaintiff in error.
*Andrew J. Whalen, Jr., Solicitor-General,* contra.