40790. HALE v. THE STATE.

Russell, Judge. The defendant was convicted of burglary. The general grounds of the motion for new trial are abandoned, and the sole special ground attacks a portion of the charge to the effect that "the burden is on the defendant to establish his own alibi by a preponderance of the evidence and to the reasonable satisfaction of the jury but it need not be proven beyond a reasonable doubt." The court also charged: "If the defendant has established an alibi to your reasonable satisfaction, it would entitle him to an acquittal in this case. But whether the alibi has been established or not, the law makes it your duty to take all the evidence of alibi along with all the other evidence in the case, and the statement of the defendant, in determining whether or not you have a reasonable doubt of the defendant's guilt . . . and, if so, you should acquit. Otherwise you should convict." In *Bone v. State*, 102 Ga. 387 (30 SE 845) following *Harrison v. State*, 83 Ga. 129 (9 SE 542) it is said that the defense of alibi may affect the defendant's case in two ways: If proved to the jury's satisfaction (*Code* § 38-122) it results in acquittal in and of itself; if taken with other evidence it results in raising a reasonable doubt as to guilt the same result follows. Where both principles are given in charge, although the former is referred to in terms of preponderance of evidence, the case will be affirmed although "the preponderance of the testimony might or might not show the facts of the alleged alibi to the reasonable satisfaction of the jury. Less than a preponderance might do so; more might not." *Bone v. State*, 102 Ga. 389, 393, supra. In *Cochran v. State*, 113 Ga. 726 (1) (39 SE 332) the following was approved: "Where . . . the defendant offers an alibi as a defense, the burden is on him to make it out by a preponderance of the evidence . . . but the evidence offered as to alibi is to be considered along with all the other evidence, in order to determine whether the guilt of the defendant has been shown beyond a reasonable doubt." To the same effect see *Jones v. State*, 130 Ga. 274 (8) (60 SE 840). The language cited from *Moultrie v. State*, 93 Ga. App. 396 (8) (92 SE2d 33) that "to charge that the defendant in a criminal case must establish a defense of alibi by a preponderance of the evidence would be erroneous

as placing upon the defendant a greater burden than is required by law" might have referred to a situation where such charge was given without qualification, and it was in fact dealing with the technical correctness of a request to charge. The instructions given here were, under *Jones* and *Cochran*, substantially correct; under the older and better reasoned *Bone* decision the use of "preponderance of evidence" was at most harmless error. Taking the instructions on this subject as a whole, we do not think that the juxtaposed phrases, "by a preponderance of the evidence *and* to the reasonable satisfaction of the jury" increased the quantum of evidence necessary to convict in the jury's understanding, over that of either phrase used separately.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 9, 1964.

*Howard T. Overby, Joseph B. Sartain, Jr., Stewart, Sartain & Carey,* for plaintiff in error.

*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.