Jack Henry SMITH, Petitioner-Appellee,

v.

S. Lamont SMITH, Warden, Georgia State
Prison, Respondent-Appellant.

No. 71–1311.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1971.

Rehearing and Rehearing En Banc Denied
Feb. 1, 1972.

Arthur K. Bolton, Atty. Gen. of Ga.,
Courtney Wilder Stanton, Atlanta, Ga.,
respondent-appellant.

John McGuigan, Atlanta, Ga., petition-
er-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from the district court's determination on petition for habeas corpus that the Georgia alibi charge violates due process standards, 321 F.Supp. 482.

On March 12, 1969, petitioner was convicted by a jury of two counts of burglary. During the trial, petitioner asserted the impossibility of his guilt based on alibi. Petitioner, along with three other witnesses, testified that he was in Dallas, Texas at the same time the crime was committed in Atlanta, Georgia. In rebuttal, the State introduced into evidence prior inconsistent statements by both petitioner and his alibi witnesses, along with other facts tending to discredit the witnesses' credibility. The issue of petitioner's presence at the scene of the crime was thus hotly contested at the trial.

The trial judge, in accordance with settled Georgia law,[1] charged the jury as follows:

> He contends and sets up in his defense under the law what is known as an alibi and I charge you alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. Alibi as a defense must be established to the reasonable satisfaction of the jury and must be such as reasonably to exclude the possibility of the presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, the jury should acquit. Any evidence in the nature

of an alibi should be considered by the jury in connection with all other evidence in the case and if in doing so the jury should entertain a reasonable doubt as to the guilt of the accused they should acquit.

> The law of alibi consists of two branches. The first is to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence.

The State contends that the Georgia charge, considered in its entirety, did not shift the burden of proving alibi to the defendant. Moreover, it argues that any possibility of prejudice was cured by the trial court's further instruction that the burden was on the State to prove beyond a reasonable doubt all essential elements of the crime, which necessarily included the element of presence.

Petitioner's due process contention depends primarily upon the application of a number of Eighth Circuit cases dealing with the Iowa alibi charge.

In the first applicable case, Johnson v. Bennett, 8th Cir. 1967, 386 F.2d 677, the Iowa court had charged the jury that the defendant had the burden to prove his alibi defense by a preponderance of the evidence. The trial court, however, had added:

> The evidence upon this point is to be considered by the jury, and if upon the whole case' including the evidence of an alibi, there is a reasonable doubt of defendant's guilt, you should acquit him.

---

1. The Georgia law on the issue of alibi is provided by statute:

> Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the

evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence.

Ga.Code Ann. § 38–122. *See also* Moultrie v. State, 93 Ga.App. 396, 92 S.E.2d 33 (1956).

386 F.2d at 682.

The Eighth Circuit panel, finding no merit to defendant's due process contention, stated:

. . . . [I]n other instructions the court stressed the presumption of innocence, reasonable doubt and the necessity of the State proving all essential elements of the case beyond a reasonable doubt. It is difficult to say on the basis of the instructions as a whole that the defendant was deprived of any substantial constitutional right.

386 F.2d at 682.

The Supreme Court immediately granted certiorari. Johnson v. Bennett, 390 U.S. 1002, 88 S.Ct. 1247, 20 L.Ed.2d 102 (1968). Before final determination of *Johnson*, however, the Eighth Circuit went en banc to consider Stump v. Bennett, 8th Cir. 1968, 398 F.2d 111, involving the same Iowa charge:

Before you can acquit the defendant by reason of this defense [alibi] you must find that he has established it by a preponderance or greater weight of the evidence bearing upon it.

398 F.2d at 115.

The Eighth Circuit, with the three members of the *Johnson* panel dissenting, found that the Iowa charge, in spite of the added reasonable doubt instruction, tended to burden the defendant with proving that he was not present at the scene of the crime. Such a burden of proof on an essential element of the crime was found to violate due process standards. The Court reasoned:

By shifting the burden of proof to a person who claims to have been elsewhere at the time of the crime, there is created an irrational and arbitrary presumption of guilt. It arises not by reason of a proof of fact from which a fair inference might be drawn but from the mere happening that the defendant offers testimony in an attempt to establish innocence. When this occurs, unless the defendant can succeed in overbalancing the state's evidence, the jury is expressly told he cannot be acquitted by reason of his sole claim to innocence. . . . [T]his presumption would conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime. . . . [I]ncriminating presumptions are not to be improvised by the judiciary.

398 F.2d at 116.

Moreover, the Court went on to state:

Beyond violating petitioner's right to have the state assume the burden to prove (beyond a reasonable doubt) his presence at the crime, we think the Iowa instruction and its judicial application is patently offensive in other ways to the defendant's basic constitutional rights. . . . . [O]nly when the defendant seeks to produce witnesses to corroborate his non-presence [does] the Iowa rule incongruously penalize him with the burden of persuasion as to his non-presence . . . . Thus an innocent person, whose only refuge of innocence may be proof of his non-presence and non-participation in the crime itself, must risk this greater burden because he tries to bring witnesses forward to substantiate his story. He must choose between the exercise of two constitutionally guaranteed rights. He must surrender either the right to offer corroborative evidence of his innocence or else his traditional right to have the state assume the burden of proving his guilt beyond a reasonable doubt. Under the Iowa rule he cannot have both. Such a procedure can have no other purpose than to "chill the assertion of constitutional rights by penalizing those who choose to exercise them . . . ." This is an impermissible burden.

398 F.2d at 120.

Shortly after *Stump*, the Supreme Court vacated *Johnson* for reconsideration in light of *Stump*. Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968). On the same day, the Court denied certiorari in *Stump*. Bennett v. Stump, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968). The Eighth

Circuit, upon en banc consideration of *Johnson* in light of *Stump,* reversed the earlier decision of the *Johnson* panel and held there was no real factual distinction between the two cases. Johnson v. Bennett, 8th Cir. 1969, 414 F.2d. 50. The court noted in passing:

> We have read with interest the many Iowa cases where the alibi instruction was under challenge. The very number of the cases, and the constant resubmission of the issue to the court, indicate the concern which the instruction has occasioned. Although the Iowa court has been unanimous in opinion in a large majority of its cases, the court was split in its early opinions and again has been split in the most recent ones. In the intervening unanimous opinions there are, nevertheless, some indications of struggle in the decisional process.

414 F.2d at 53.

We note a similar struggle in the decisional process of Georgia courts in dealing with the alibi charge at issue here. Shortly after the Eighth Circuit decisions, the Georgia Appeals Court held the charge involved in the instant case unconstitutional on the basis of *Stump* and *Johnson.* Parham v. State, 120 Ga. App. 723, 171 S.E.2d 911 (1969). The Georgia Supreme Court, however, in Thornton v. State, 226 Ga. 837, 178 S.E. 2d 193 (1970), held the Georgia charge to be distinguishable on its face from the Iowa charge and refused to follow *Parham.*

Earlier Georgia cases are often confusing and similarly irreconcilable in their interpretation, application, and assessment of the effect of the alibi charge. The Georgia alibi doctrine was first enunciated in Harrison v. State, 83 Ga. 129, 9 S.E. 542 (1889), wherein the Georgia Supreme Court approved the following charge:

> Well, now, the next thing is as to the strength of the evidence of *alibi,*—what that evidence (considering the credibility of the witnesses, and what the witnesses testified to) amounts to. The law says that it must outweigh the evidence introduced on the part of the state, provided, as I have charged you, if the state's evidence is sufficiently strong, without more, to produce a conviction in your minds of the guilt of the prisoner beyond a reasonable doubt. In order to remove that,—the *alibi,—the testimony sustaining the* alibi, *in the judgment of the jury, should outweigh or preponderate over the evidence for the state.* (Emphasis added)

9 S.E. at 543.

Somewhat later, in Bone v. State, 102 Ga. 387, 30 S.E. 845 (1897), the court again approved the charge with the following language:

> . . . [T]he range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. The onus is on the accused to verify the alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. . . . The charge of the court varied to some extent the language approved . . . as to the amount of proof required to establish the alibi. *There is no question as to the correctness of the charge as to where the burden rested,—it was with the defendants.* \* \* \* Touching alibi, the rule in Georgia as established by authority consists of two branches. The first is that to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and, if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." Thus it will be seen that *the onus to establish the alibi is on the accused; that this is not to be established beyond a reasonable doubt, but to the reason-*

*able satisfaction of the jury.* (Emphasis added)

30 S.E. at 847–848. In speaking more specifically on the quantum of proof necessary to sustain the alibi defense, the court went on to state:

The court in this case charged that the burden was on the accused to show their absence by a preponderance of the testimony. The preponderance of the testimony might or might not show the facts of the alleged alibi to the reasonable satisfaction of the jury. *Less than a preponderance might do so; more might not.* (Emphasis added)

30 S.E. at 848.

More recently, in Porter v. State, 200 Ga. 246, 36 S.E.2d 794 (1946), the Georgia Supreme Court has sustained this interpretation of the charge. In *Porter* the court, citing *Harrison* and *Bone*, stated:

The defendant by his statement and witnesses introduced in his behalf sought to establish an alibi. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to the time and place, must be such as reasonably to exclude the possibility of presence." . . . The burden is on the accused to sustain his defense of alibi to the reasonable satisfaction of the jury *in order to overcome proof of his guilt of the crime with which he is charged.*

The jury was authorized to find that the defendant has not established his alibi, they being the judges of the credibility of the witnesses and of the weight to be given the defendant's statement, and that he had *not overcome the prima facie case made by the State under each count of the indictment, and accordingly to return a verdict of guilty as charged in each count.* (Emphasis added)

36 S.E.2d at 799.

Periodic criticism of the charge involved here can be found throughout the instruction's stormy history In Bone v. State, *supra*, the court noted:

. . . [I]t would be logical, I think, that the facts of an alibi should come into the case like any other matters of defense, to be considered the same way, and affect the mind of the jury only as they believe the truth to be. Being a part of the evidence, these facts should be considered with the other evidence in the case, and, after due consideration of the evidence as a whole, the defendant should have the benefit of all reasonable doubt as to his guilt. However this may be, the law of this state is settled as above set out, and I follow as it is written.

30 S.E. at 848.

In Smith v. State, 3 Ga.App. 803, 61 S.E. 737 (1907), a Georgia Appeals Court refused to reverse a conviction in spite of the trial court's failure to give a reasonable satisfaction charge, holding it to be harmless error because of the charge's necessary includability into the reasonable doubt instruction. In so doing the court questioned the wisdom of such a charge in any case.

As to the law governing the defense of alibi the decisions in this state recognize and in a measure uphold a plain, palpable incongruity. It is said that the burden of proving an alibi to the reasonable satisfaction of the jury rests upon the defendant. Yet the state must show the defendant to be guilty beyond a reasonable doubt, and if his proof tending to establish an alibi raises such a doubt he is to be acquitted; in other words, the state must show, as a part of the case, and must prove beyond a reasonable doubt, the defendant's presence, but the defendant must establish his absence to the reasonable satisfaction of the jury. *If it be conceded that absence and presence are absolute opposites, and that proof to the reasonable satisfaction of the jury is of a different degree from proof beyond a reasonable*

*doubt, the logical absurdity of the proposition just announced is apparent.* Ordinarily we would be hesitant to call absurd any doctrine apparently recognized by our courts; but as to this proposition almost every judge of our Supreme Court who has had occasion to state the proposition has recognized the incongruity. (Emphasis added)

\* \* \* \* \* \*

. . . [W]e will not reverse a judgment because the judge refuses to commit himself to an absurdity so manifest.

61 S.E. at 738–739. *See also* 11 Encyclopedia of Georgia Law (Evidence) § 138, at 379. Speaking of earlier cases upholding the alibi charge, the court went further in stating:

We would like to see these cases modified; "but, since correction lieth in those hands which made the fault, we cannot correct." Whenever the point is fairly made, and a request to review these cases is properly submitted, we may certify the question to the Supreme Court, and we have no doubt that court will so review these decisions as to make the law relating to this subject plain and free from incongruity.

61 S.E. at 738.

We note some evidence that Georgia defendants are leery of the alibi charge and would prefer to waive all rights to any mention of alibi rather than submit to the "reasonable satisfaction" charge. In Kitchens v. State, 209 Ga. 913, 76 S.E.2d 618 (1953), the defendant, after introducing alibi testimony, requested that no instructions concerning alibi be given. He wished instead to rely strictly upon the general "reasonable doubt" charge. The Georgia court, however, held the charge to be absolutely required after introduction of affirmative alibi testimony.

. . . Alibi, as a defense, involves the impossibility of the defendant's presence at the scene of the offense at the time of its commission, . . . and, as a matter of pleading, the defense of alibi is covered by the general issue of not guilty . . . The accused, in his statement to the jury, denied being present at the scene of the robbery for which he was indicted, at the time of its commission, saying he left the place where the State contends the robbery occurred some two hours before it happened. He also denied any knowledge of or participation in the alleged robbery. He introduced testimony for the purpose of showing, and tending to show, that he was not present at the scene of the robbery, but was elsewhere at the time of its commission. In these circumstances, a charge on alibi was not only authorized by the defendant's statement, but *required* by his evidence. . . . A failure to have charged upon the subject of alibi in the case at bar would have been erroneous. (Emphasis added)

76 S.E.2d at 619.

The State contends, as did the Georgia Supreme Court in *Parham*, that the Iowa alibi charge, found to be constitutionally impermissible by the Eighth Circuit, is distinguishable on its face from the Georgia charge in two respects. First, the Iowa charge required a preponderance of the evidence on the alibi issue; whereas the Georgia charge only requires that the jury be "reasonably satisfied." Secondly, the Iowa charge was mandatory, *requiring* the jury to find no alibi in the absence of a preponderance of proof from the defendant; whereas Georgia gives its juries a "choice" between two burdens of proof.

■■■ We can see no significant distinction between the two charges. Although it is possible that the Georgia charge does not require a preponderance of the evidence, the fact of which even Georgia courts are not convinced,[2] we

2. The quantum of proof required of the defendant is not clear. The defendant

clearly is not required to prove his alibi beyond a reasonable doubt. Hale v.

find the actual standard utilized to be immaterial. It is enough to say that it is clear that Georgia defendants have *some* burden on their alibi defense. *See* Bone v. State, *supra*. If this were not so, it would be difficult to discern any reason for the courts' giving the charge in the first place. *See* Green, Georgia Law of Evidence, § 21, at 75–77. No such burden can be sustained under our Constitution. Evidence of alibi should come into a case like any other evidence and must be submitted to the jury for consideration of whether the evidence as a whole on the issue of presence proves the defendant's guilt beyond a reasonable doubt. *See* Falgout v. United States, 5th Cir. 1922, 279 F. 513.

We likewise find the Georgia instruction to be no less mandatory than the Iowa charge. Georgia instructs, "Alibi as a defense *must* be established" to the jury's satisfaction; whereas Iowa charged, "Before you can acquit . . . by reason of this defense you *must* find" by a preponderance of the evidence. The difference in the obligation thus imposed is minimal at best, and the effect of the respective charges on the jury is most assuredly identical. We hasten to point out that in both the Iowa and

Georgia cases, the jury was further instructed to consider *all* the evidence, including that of alibi, in determining the guilt of defendants beyond a reasonable doubt. In both states, therefore, the jury had a "choice" of applying two conflicting burdens of proof. A jury may not, however, have such an option to ignore the reasonable doubt test on the issue of presence in a criminal prosecution. The Constitution, and more specifically the due process clause of the fourteenth amendment, permits of no such "choice."

We have little doubt that the Georgia charge, by affirmatively presenting such an option to the jury, caused confusion in the instant case and created a substantial likelihood of the jury's incorrectly placing the burden of proof on the petitioner much to his prejudice.[3] As noted by the Eighth Circuit in *Stump*, this Court cannot determine with precision where the jury in any particular case placed the burden of proof. This does not prevent this Court from using its collective common sense in the instant case. Accordingly, we must presume that prejudice resulted.

This Court recognizes that a criminal defendant is not entitled to a

State, 110 Ga.App. 236, 138 S.E.2d 113 (1964); Evans v. State, 13 Ga.App. 700, 79 S.E. 916 (1913). There has, however, been some question in the past as to whether defendant must prove his alibi by a preponderance of the evidence. Several Georgia cases seem to place such a burden on the defendant. Laminack v. State, 187 Ga. 648, 2 S.E.2d 99 (1939); Jones v. State, 130 Ga. 274, 60 S.E. 840 (1908); Cochran v. State, 113 Ga. 726, 39 S.E. 332 (1901); Bone v. State, 102 Ga. 387, 30 S.E. 845 (1897); Copeland v. State, 33 Ga.App. 150, 125 S.E. 781 (1924). Some cases have held the placing upon a defendant the burden of proving his alibi by a preponderance of the evidence to be error. Pritchard v. State, 122 Ga.App. 780, 178 S.E.2d 808 (1970); Moultrie v. State, 93 Ga.App. 396, 92 S.E.2d 33 (1956). The most commonly accepted wording of defendant's burden is that "alibi must be established to the reasonable satisfaction of the jury." Porter v. State, 200 Ga. 246, 36 S.E.2d 794 (1946); Eugee v. State, 159 Ga. 604, 126 S.E. 471 (1925); Harrison v. State, 83 Ga. 129, 9 S.E.

542 (1889); Johnson v. State, 59 Ga. 142 (1877); Lewis v. State, 11 Ga.App. 102, 74 S.E. 708 (1912). Several cases seem to indicate that reasonable satisfaction of the jury and preponderance of the evidence are the same. Bone v. State, 102 Ga. 387, 30 S.E. 845 (1897); Hale v. State, 110 Ga.App. 236, 138 S.E.2d 113 (1964). More recent authority indicates that the two standards might be different. Moultrie v. State, *supra*; Pritchard v. State, *supra*.

3. In Harrison v. State, 83 Ga. 129, 9 S.E. 542 (1889), the Chief Judge of the Georgia Supreme Court recognized this problem.

It seems to us that, in the metaphysics of trial, there is great difficulty in distinguishing between reasonable doubt on the specific defense of *alibi* and reasonable doubt of guilt upon the whole case taken together. Where presence is necessary to constitute guilt, it seems that a reasonable doubt of presence would, by unresistible logic, involve reasonable doubt of guilt.

9 S.E. at 544.

perfect trial under our Constitution. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953). Habeas corpus will not lie to challenge a jury charge in the absence of a clear denial of due process so as to render the trial fundamentally unfair. Higgins v. Wainwright, 5th Cir. 1970, 424 F.2d 177; McDonald v. Sheriff of Palm Beach County, Florida, 5th Cir. 1970, 422 F.2d 839. In light of these principles, there is yet no doubt that a shift in the burden of proof of an essential element of the crime does rise to constitutional proportions and renders the trial fundamentally unfair. The presumption of innocence and the harsh burden of proof placed on the State in criminal prosecutions are two of the oldest and most fundamental rights protected by our Constitution. *See, e. g.,* Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895). They purport to protect all citizens from the threat of punishment by mistake. They are therefore far too important and fundamental to be classified as less than constitutionally protected. *See* Deutch v. United States, 367 U.S. 456, 81 S.Ct. 1587, 6 L.Ed.2d 963 (1961); Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958); Morrison v. California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934); Cummings v. Missouri, 4 Wall. 277, 18 L.Ed. 356 (1866).

With all due deference to the State of Georgia and the charge used there since 1889, we cannot give constitutional sanction to a doctrine, no matter how ancient, which serves no useful function whatsoever and which creates the clear probability that a defendant may be deprived of one of our most cherished rights.[4]

Accordingly, we affirm.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

In our original opinion we stated, "On March 12, 1969, petitioner was convicted by a jury of two counts of burglary." Appellant directs the court's attention to the fact that two defendants were involved in the district court habeas corpus proceeding; and petitioner here, unlike his co-petitioner, was convicted by a jury on a charge of robbery on May 9, 1968.

■ Appellant in his petition for rehearing argues that this change in the date of trial renders erroneous our refusal to consider the retroactive effect of the district court's judgment. We believe, however, that whatever the outcome might be on the issue of retroactive application of the rule announced in the instant case, petitioner here must be given the benefit of our decision. As held by the Supreme Court in Stovall v. Den-

---

4. We dispose of this case on the basis of the series of Eighth Circuit cases decided in 1968 and the Supreme Court's resulting action. Although we recognize that there is ordinarily no precedential value in the Supreme Court's denial of certiorari, we cannot close our eyes to the clear implication of the Supreme Court's actions taken as a whole in regard to the Eighth Circuit cases. We find it patently obvious that the Supreme Court, as of 1968, approved the holdings of the Eighth Circuit that the Iowa charge, found to be indistinguishable from that involved in the instant case, could not be sustained. This disposition renders inapplicable the issue of retroactivity raised by the State to this 1969 conviction.

The State raises two further objections to the actions of the district court. First, the district court did not have the authority to release petitioner on bail pending district court determination of his habeas corpus application. This issue is moot. Secondly, the district court allegedly did not allow the State reasonable time to retry petitioner in light of his subsequent disappearance. The State's attorney stated during oral argument of this case that petitioner had been located since this claim was made. It would appear, therefore, that the State should have no trouble in retrying petitioner, if it so desires, within the four months allowed by the district court.

580

no, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.
2d 1199 (1967):

> That [he] must be given that benefit
> is . . . an unavoidable conse-
> quence of the necessity that constitu-
> tional adjudications not stand as mere
> dictum. Sound policies of decision-
> making, rooted in the command of Ar-
> ticle III of the Constitution that we
> resolve issues solely in concrete cases
> or controversies, and in the possible
> effect upon the incentive of counsel
> to advance contentions requiring a
> change in the law, militate against de-
> nying . . . the benefit of today's
> decision.

388 U.S. at 301, 87 S.Ct. at 1972.

■ We, therefore, realizing the grav-
ity of the issue involved, continue to re-
fuse to consider, in the absence of neces-
sity, the retroactive effect of our decision
prior to the Eighth Circuit decisions of
1969 and the Supreme Court's resulting
action. *See* Smith v. Smith, 5th Cir.
1971, 454 F.2d 579, n. 4.

The Petition for Rehearing is denied
and no member of this panel nor Judge
in regular active service on the Court
having requested that the Court be polled
on rehearing en banc (Rule 35 Federal
Rules of Appellate Procedure; Local
Fifth Circuit Rule 12), the Petition for
Rehearing En Banc is denied.