## 25164. YOUNG v. THE STATE.

ARGUED APRIL 15, 1969—DECIDED APRIL 28, 1969.

Emery L. Duffy, for appellant.

Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans, for appellee.

ALMAND, Presiding Justice. Harold M. Young was found guilty under an indictment charging him with robbery by the use of an offensive weapon (a pistol). A verdict of guilty with a recommendation of mercy was returned, and he was sentenced to life imprisonment. His motion for a new trial upon the general grounds and several special grounds was overruled. This appeal is from his conviction and sentence, and from the overruling of his amended motion for a new trial.

In this opinion, we will deal only with the grounds for a new trial and enumerated errors argued orally or in the brief of counsel for the appellant.

■ *The general grounds.* Appellant insists that the evidence was insufficient to show that the defendant was the person who robbed the two victims. The evidence discloses that the two victims of the alleged robbery, Alex Cole and Glenn Stokes, were employees of Holiday Inn in Savannah. Cole testified that at about three o'clock on the morning of June 10, 1968, a man

pointed a pistol with a silver barrel at his head and took his wallet and watch. Then he was pistol whipped into unconsciousness. Stokes testified that he was robbed by a man pointing a pistol at him, and taking his wallet, which contained a small sum of money. He was then forced to open the cash register, from which the thief took all the money. Both Cole and Stokes testified that the man who robbed them had on yellow trousers. Stokes identified the defendant as the thief.

The police officers, on June 13, 1968, obtained a warrant to search the premises occupied by the defendant, where they found a pair of yellow pants, a Bulova watch, which Cole identified as the watch taken from his person, and a pistol.

The defendant, in his statement, said that he knew nothing about the robbery, and that at the time the alleged robbery took place, he was on a boat, some distance away from the Holiday Inn.

The verdict of guilty is supported by the evidence.

■ The pistol, pair of yellow trousers, and the Bulova watch were sufficiently identified to authorize their introduction into evidence.

■ The court instructed the jury as follows: "I charge you that alibi as a defense involves the impossibility of the presence of the accused at the scene of the offense at the time of its commission, and the range of the evidence in respect to the time and place must be such as reasonably precludes the presence of the accused at the time and place of the offense. If you believe that a crime was committed as charged, but you do not believe that the defendant was present at the time and place of such offense, you should acquit him on that ground. *Alibi, as a defense, should be established to the reasonable satisfaction of the jury but not necessarily beyond a reasonable doubt.* When testimony on the subject of alibi is offered on the trial of a case it is the duty of the jury to take that testimony along with all the other evidence in the case in determining the guilt or innocence of the defendant. And if, considering the testimony alone or along with all the other evidence in the case, the jury should entertain a reasonable doubt as to the guilt of

the defendant it is their duty to give him the benefit of that doubt and acquit him, the law being that in order to convict you must believe the defendant guilty beyond a reasonable doubt." (Emphasis supplied). In the amended motion for a new trial and in his enumeration of errors, the defendant complains of that portion of the charge which states, "Alibi as a defense should be established to the reasonable satisfaction of the jury, but not necessarily beyond a reasonable doubt." The appellant contends that this portion of the charge violates the due process clause of the Fourteenth Amendment of the Federal Constitution in that, ". . . the said charge shifts to the defendant the burden of proving his alibi and deprives him of his presumption of innocence."

With this contention, we cannot agree.

The court instructed the jury as follows, "I charge you that the defendant entered upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial of the case until it is shown by competent evidence that he is guilty to a moral and reasonable certainty and beyond a reasonable doubt. Now a reasonable doubt is a doubt for which you can give a reason. It means just what it says. It is the doubt of a fair-minded, impartial juror honestly seeking the truth—not an arbitrary or capricious doubt but a doubt arising from a consideration of the evidence, or from the lack of evidence, or from a conflict in the evidence or from the statement of the defendant himself . . . If the jury should believe beyond a reasonable doubt that the defendant did wrongfully, fraudulently and violently take from the person named in the indictment the property or part thereof as charged without the consent of the owner and with the intent to steal the same and the taking of said property was accomplished by the use of, or the offer to use, an offensive weapon likely to produce death when used in its usual or customary manner, or any replica, article or device having the appearance of such weapon, then and in that event, the jury would be authorized to convict the defendant of robbery by the use of an offensive weapon."

This court, in *Harrison v. State*, 83 Ga. 129 (3) (9 SE 542) held, "Touching *alibi*, the rule in Georgia as established by authority consists of two branches. The first is, that to overcome proof of guilt strong enough to exclude all reasonable doubt, the *onus* is on the accused to verify his alleged *alibi*, not beyond reasonable doubt but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of *alibi* is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence. In sense and substance, the charge of the court in the present case conformed to the rule, certainly to the latter branch of it." In the opinion it was said, "It seems to us that in the metaphysics of trial, there is great difficulty in distinguishing between reasonable doubt on the specific defense of *alibi*, and reasonable doubt of guilt upon the whole case taken together. Where presence is necessary to constitute guilt, it seems that a reasonable doubt of presence would, by irresistible logic, involve reasonable doubt of guilt."

The State in this case was required to prove beyond a reasonable doubt that the defendant was present at the time and place of the robbery, and this burden was not changed or lessened by the defendant introducing evidence that he was not present at said time and place. The defendant's evidence in support of his plea of alibi tended to weaken or disprove the testimony of the two victims.

The charge on alibi in this case, when taken in connection with the entire charge, did not shift any burden from the State to the defendant, and thus require him to prove his not being present at the scene of the crime. The burden of proving his presence remained on the State throughout the trial.

The judgment denying a new trial is not error for any of the reasons enumerated.

*Judgment affirmed. All the Justices concur.*