## 25395. CHAFFIN v. THE STATE.

FRANKUM, Justice. James M. Chaffin was convicted on January 21, 1969, of robbery by force with a recommendation of mercy and in accordance with the punishment fixed by the jury, the court sentenced him to imprisonment in the Penitentiary of this State for the term of fifteen years. He appealed from the order of the court overruling his amended motion for a new trial.

In each enumeration of error argued by counsel for the appellant, complaint is made that the court erred in its instructions to the jury concerning appellant's defense of alibi. The court instructed the jury as follows: "alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. Alibi as a defense must be established to the reasonable satisfaction of the jury and must be such as reasonably to exclude the possibility of presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, the jury should acquit. Any evidence in the nature of an alibi should be considered by the jury in connection with all other evidence in the case and if in doing so, the jury should entertain a reasonable doubt as to the guilt of the accused, they should acquit."

Appellant contends that this charge placed upon him the burden of proving his defense of alibi, thereby shifting the burden of proof to him; that the charge deprived him of the "benefit of the presumption of innocence" and relieved "the State of the burden of proving each element of the crime charged beyond a reasonable doubt"; that the first two sentences of the charge are inconsistent with the third sentence of the charge; and that the charge violated his "constitutional right of liberty without due process under the Fourteenth Amendment of the United States Constitution and Article I, Section I, Paragraph III (Code Section § 2-103) of the Georgia Constitution."

The court instructed the jury that "the accused enters upon the trial of his case with a legal presumption of innocence in his favor and that presumption goes with him throughout the

trial and until the State removes it by evidence sufficient to convince your minds beyond a reasonable doubt. The burden is, therefore, upon the State to prove all the material allegations contained in the bill of indictment beyond a reasonable doubt," and just before completing the instructions to the jury by describing the pertinent forms of verdict, any one of which the jury was authorized to return, the jury was instructed as follows: "Before you would be authorized to convict the defendant, his guilt should be made plainly and manifestly to appear beyond a reasonable doubt and a reasonable doubt under the law is a doubt that you can give a reason for. If you have a reasonable doubt as to the defendant's guilt, the law says that doubt must be resolved in favor of the defendant and it would be your duty to acquit him." When considered in connection with the entire charge, the charge on alibi did not relieve the State of the burden of proving beyond a reasonable doubt, among the other material allegations of the indictment, the presence of the defendant at the scene of the crime at the time it was committed and that he committed it. *Young v. State*, 225 Ga. 255, 258 (167 SE2d 586). None of the cases cited by the appellant requires a different result.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 11, 1969—DECIDED SEPTEMBER 29, 1969.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Tony H. Hight, Arthur K. Bolton, Attorney General,* for appelllee.