44384.   PARHAM v. THE STATE.

SUBMITTED APRIL 8, 1969—DECIDED NOVEMBER 26, 1969.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Earl B. Self, District Attorney,* for appellee.

HALL, Judge. The trial court adequately charged the jury on the presumption of the defendant's innocence and the State's burden of proof to overcome this presumption by evidence convincing them of his guilt beyond all reasonable doubt, and the jury's duty to acquit if a reasonable doubt of guilt remained in their minds. On the subject of alibi the court charged: "Alibi as a defense must be established by the defendant to the reasonable satisfaction of the jury and must be such as reasonably to exclude the possibility of the presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, it is the duty of the jury to acquit. Evidence as to alibi should be considered by the jury in connection with all the other evidence in the case. And if on considering the evidence as a whole the jury should entertain a reasonable doubt as to the guilt of the accused, it is their duty to acquit. I charge you that alibi need not be proved beyond a reasonable doubt by the defendant, but just to the reasonable satisfaction of the jury. But any evidence whatever of alibi is to be considered with the rest of the testimony and if the evidence as a whole raises reasonable doubt of guilt, doubt must be given in favor of innocence."

Comparable charges on the subject of alibi have been considered and approved by the Georgia appellate courts. *Eugee v. State,* 159 Ga. 604, 606 (126 SE 471); *Laminack v. State,* 187

Ga. 648 (2 SE2d 99); *Hale v. State,* 110 Ga. App. 236 (138 SE2d 113). This defendant was convicted and sentenced on July 23, 1968. We must now consider the charge in light of a decision of the United States Supreme Court rendered December 16, 1968. Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415). This decision is controlling if it means the due process clause of the Fourteenth Amendment of the United States Constitution is violated by the charge. "Under the Constitution of Georgia the supreme law is the Constitution of the United States. *Code Ann.* § 2-8001. The public policy of the State reflected by its statutes [or. case law] is subordinate to the Federal Constitution." *Connell v. Connell,* 119 Ga. App. 485, 494 (167 SE2d 686). Furthermore, "In a case where questions arising under the Federal Constitution are properly invoked, this court is bound to follow the decisions of the Supreme Court of the United States as respects such questions." *Mason & Dixon Lines, Inc. v. Odom,* 193 Ga. 471 (2) (18 SE2d 841). In *Young v. State,* 225 Ga. 255 (167 SE2d 586), the Supreme Court of Georgia disagreed with a contention that a like charge on alibi violated the Due Process Clause of the Fourteenth Amendment of the Federal Constitution. However, the court in the *Young* case did not consider the decision of the United States Supreme Court in Johnson v. Bennett, supra, or the decisions in Stump v. Bennett, 398 F2d 111 (8th Cir. 1968), State v. Galloway, (Iowa), 167 NW2d 89, and the decision of the Eighth Circuit on July 17, 1969, in Johnson v. Bennett, 414 F2d 50, hereinafter discussed.

The first decision of the Eighth Circuit Court of Appeals in the Johnson case rejected the contention that due process was violated by a charge that the burden is upon a criminal defendant to prove the defense of alibi by a preponderance of the evidence. Johnson v. Bennett, 386 F2d 677 (8th Cir. 1967). After the Supreme Court granted certiorari to review the Johnson case, the Eighth Circuit in another case, reversing a conviction affirmed by the Iowa Supreme Court, condemned a charge that "the defendant has the burden of establishing this defense [alibi] by . . . a preponderance or greater weight of the evidence bearing upon it." The charge was held to vio-

late fundamental rights incorporated in the due process clause of the Fourteenth Amendment to the United States Constitution. It was confusing and inconsistent with the defendant's right to have the State prove his presence at the crime beyond a reasonable doubt. "The presumption of innocence is permanently shattered as to evidence relating to (1) the presence of the defendant, (2) the time, (3) the place of the crime itself." As to these elements of the crime, the charge shifted the burden of persuasion to the defendant and required him to establish his innocence. The charge was not harmless though it was given in connection with other instructions that even if the greater weight of the evidence on alibi fails to establish that defense, if the evidence as a whole, including that on alibi, creates a reasonable doubt of the defendant's guilt, the jury should return a verdict of not guilty. Stump v. Bennett, 398 F2d 111 (8th Cir. 1968). After the Stump decision the Supreme Court remanded the Johnson case to the Eighth Circuit for reconsideration in view of the Stump decision. This was an implicit approval by the Supreme Court of the Stump decision. Subsequent to the decision of the Supreme Court of the United States in the Johnson case, the Supreme Court of Iowa referred to the above rulings and said, "Pursuant to these pronouncements and mandates by the United States courts the alibi instruction can no longer be approved." On July 17, 1969, the Eighth Circuit Court of Appeals followed the mandate of the Supreme Court by reversing its previous decision in the Johnson case and followed Stump v. Bennett, supra. Johnson v. Bennett, 414 F2d 50, supra.

The Eighth Circuit's opinion in the Stump case noted that Iowa was "one of only two states which now require a defendant to assume the burden of persuasion by a preponderance of evidence in establishing an alibi . . . Georgia's rule is similar though not identical to Iowa's." Stump v. Bennett, supra, p. 114. Of the Georgia rule the Georgia Supreme Court has said: "The preponderance of the testimony might or might not show the facts of the alleged alibi to the reasonable satisfaction of the jury. Less than a preponderance might do so; more might not." Bone v. State, 102 Ga. 387, 393 (30 SE 845).

The Georgia courts have held that when the defendant presents evidence to show he could not have been present at the time and place of the alleged crime, the trial court is required to charge on the "defense" of alibi. *Fletcher v. State*, 85 Ga. 666 (11 SE 872); *Moody v. State*, 114 Ga. 449 (40 SE 242); *Kitchens v. State*, 209 Ga. 913, 914 (76 SE2d 618). However, the duty to instruct on alibi could be fulfilled by instructing that the evidence presented to prove alibi, considered alone or with all the other evidence, need only be sufficient to create a reasonable doubt of the defendant's guilt. This is a true and simple statement of the law. It is consistent with Georgia Code § 38-122 and could be charged in connection with it.

Alibi is not truly an independent affirmative defense. It is simply evidence in support of a defendant's plea of not guilty, and should be treated merely as "evidence tending to disprove one of the essential factors in the case of the prosecution, that is, presence of the defendant at the time and place of the alleged crime." Stump v. Bennett, 398 F2d 111, 115, supra; 21 AmJur2d 206, § 136; Anno. 29 ALR 1139; 67 ALR 138, 141; 124 ALR 471, 474. However, the instructions usually given to the jury and approved by the Georgia appellate courts in the past have treated alibi as an affirmative defense and created an anomaly in the law. 11 Encyclopedia of Georgia Law (Evidence) 379, § 138; Green, Georgia Law of Evidence 75, § 21. Professor Agnor stated the problem succinctly in his Evidence chapter in the Encyclopedia of Georgia Law, supra: "The Georgia courts have treated several defenses as affirmative defenses that are not true affirmative defenses. One is the matter of alibi as a defense. Alibi is not a true affirmative defense. It is simply evidence rebutting the case for the prosecution. It is a denial of the charge against the defendant. A number of jurisdictions have properly considered alibi as not being an affirmative defense and give examples of a proper charge. However, Georgia holds that alibi is an affirmative defense and this causes trouble with the charge to be given to the jury. The jury is charged that the defendant must establish alibi by a preponderance of the evidence, but then must also be charged that the evidence as to alibi must be considered with all the other evi-

dence in the case and that if they then have a reasonable doubt as to his guilt they must acquit. In other words, first he must prove by a preponderance of the evidence that he was not present at the scene of the offense at the time of its commission, but no, really all he must do is raise a reasonable doubt as to his presence. First it is an affirmative defense, then it is not an affirmative defense." Its absurdity was referred to over sixty years ago by one of if not the most learned of all the judges who ever sat upon the Georgia Bench—Arthur Gray Powell: "As to the law governing the defense of alibi, the decisions in this State recognize, and in a measure uphold, a plain, palpable incongruity. It is said that the burden of proving an alibi to the reasonable satisfaction of the jury rests upon the defendant; yet the State must show the defendant to be guilty beyond a reasonable doubt, and if his proof tending to establish an alibi raises such a doubt, he is to be acquitted; in other words the State must show, as a part of the case, and must prove beyond a reasonable doubt, the defendant's presence; but the defendant must establish his absence to the reasonable satisfaction of the jury. If it be conceded that absence and presence are absolute opposites, and that proof to the reasonable satisfaction of the jury is of a different degree from proof beyond a reasonable doubt, the logical absurdity of the proposition just announced is apparent." *Smith v. State*, 3 Ga. App. 803 (61 SE 737).

The charge enumerated as error by the defendant was error. It was not harmless even though it was given in connection with the other instructions stated at the beginning of this opinion. The trial court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Pannell, Deen, Quillian and Evans, JJ., concur. Whitman, J., dissents.*

EBERHARDT, Judge, concurring. I think the majority opinion is correct. I agree with the view which Judge Powell expressed in *Smith v. State*, 3 Ga. App. 803 (61 SE 737). I think we should follow the ruling of the Supreme Court of the United States in Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21

LE2d 415), wherein there was a remand to the Court of Appeals for the purpose of conforming to the ruling in Stump v. Bennett, 398 F2d 111. If it were not for this action of the Supreme Court, which I deem tantamount to a holding that our rule as to the burden of establishing an alibi imposes an unconstitutional burden on the defendant, I should, like Judge Powell, follow the decisions of our own Supreme Court and vote to affirm the judgment, for without the ruling in the Johnson and Stump cases we should be bound to do so, whatever our view on the matter.

WHITMAN, Judge, dissenting. I dissent from the majority opinion in this case. I would affirm the judgment of the trial court in overruling the motion for new trial as amended. The general grounds of the motion for new trial are not insisted on and are abandoned. The only ground of the motion is the special ground relating to the charge of the trial court on the question of alibi and the only enumeration of error attacks that portion of the charge on the ground of its claimed unconstitutionality as violative of the due process clause of the Fourteenth Amendment to the Federal Constitution. The portions of the charge involved are set forth in the majority opinion.

In reaching the conclusion indicated by this dissenting opinion, I have given consideration to the Georgia decision law, the Georgia statute relating to alibi, and to the Bennett and Stump cases cited and relied on in the majority opinion and the alibi rule and statute of Iowa dealt with in those cases.

1. *Georgia decision law.* We set forth what we regard as the present state of the law according to the decisions of the Supreme Court of Georgia and of this court relating to the matter of alibi and court instructions on that subject. The latest case in this State is that of *Young v. State,* decided by our Supreme Court on April 28, 1969, reported in 225 Ga. 255 (167 SE2d 586). This case is referred to in the majority opinion and also relates to the Due Process Clause in respect of the charge on alibi similar to that given in the case sub judice.

In the leading case of *Harrison v. State,* 83 Ga. 129 (3) (9 SE 542), decided in 1889, the Supreme Court, in an opinion written by Chief Justice Bleckley, after reviewing a number of

cases previously decided as therein set forth, epitomized and expressly approved the law as set forth in the third headnote of that case, as follows:

"Touching alibi, the rule in Georgia as established by authority consists of two branches. The first is, that to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence. In sense and substance, the charge of the court in the present case conformed to the rule, certainly to the latter branch of it."

The *Harrison* case has been cited with approval and followed in a long line of cases. With the view of not extending unduly the length of this dissent these cases are not enumerated or cited here, but may be found in Shepard's Annotations to this case. Thus the law of this State dealing with this procedural question has over a period of eighty years become the firmly established guide-line, at least for our State courts to follow.

In the *Young case*, 225 Ga. 255, 256, supra, the defendant complained of that portion of the charge which stated, "Alibi, as a defense, should be established to the reasonable satisfaction of the jury but not necessarily beyond a reasonable doubt." The appellant-defendant contended that the portion of the charge complained of violated the Due Process Clause of the Fourteenth Amendment of the Federal Constitution in that said charge shifted to the defendant the burden of proving his alibi and deprived him of the presumption of innocence. In respect of such contention the Supreme Court said: "With this contention, we cannot agree." In the brief of the appellant filed on March 28, 1969, the case of Stump v. Bennett, 398 F2d 111, was relied upon and quoted from at great length, and in the brief by the State of Georgia filed in the *Young* case on April 11, 1969, the differences in the Iowa and Georgia rules and statutes were pointed out, and reference was also had to the

Georgia case of *Smith v. State,* 3 Ga. App. 803, 806 (61 SE 737). Thus it must be assumed that in deciding the *Young* case our Supreme Court gave consideration to the Stump case and the differences between the Iowa law and the Georgia law in respect of the constitutionality of instructions on the subject of alibi.

While, of course, adjudications of the Supreme Court of the United States where pertinent in respect of the exact question decided thereby are absolute and controlling on this court, the decisions of that court or Federal district or circuit courts, although persuasive, are not binding or controlling upon this court where the question for decision here is different from that adjudicated by such other decisions.

It is our opinion that unless and until the Supreme Court of the United States decides otherwise in respect of the constitutionality of the Georgia alibi statute, or, if proper, decides upon the constitutionality of an instruction predicated thereon without directly passing on the statute, we are bound to follow the ruling of the *Young* case as binding and controlling.

With due respect to the views of legal scholars and philosophers and authors of legal treatises as to what the law is or ought to be in a State where the statutory law of the State and decisions predicated thereon are expressly and avowedly contrary to such views, the law of this State must prevail and control and be followed in a particular case for adjudication by a court of this State. And so it is here. If any departure from the application of this principle is ever to be made, it must be by virtue of a valid Act of the legislature, or by a controlling and overruling decision by the Supreme Court of the United States and not by judicial legislation.

2. *Georgia Statute Law.* The present Georgia statute relating to alibi is found in *Code* § 38-122, which provides: "Alibi as a defense. Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." This Code section first appeared in the Code of 1895, Vol. 3, Sec. 992, Penal Code, and later

in the Code of 1910, Vol. 2, Sec. 1018, Penal Code, which were adopted, respectively, by Acts approved December 16, 1895 and August 15, 1910, as set forth in Ga. L. 1895, p. 98, and Ga. L. 1910, p. 48.

In the case sub judice no attack has been made on the constitutionality of this statute as such. It is upon the basis of this statute that the charge which has been brought into question in this case was given. It is our view that in the absence of an attack on this statute no question as to the constitutionality of the charge has been properly raised.

If it is necessary that such attack be made to invoke the question of constitutionality of the charge, and if it could be asserted that no such attack was inadvertently overlooked and has not been waived, it would seem that the remedy of appellant would have been or would be under and by virtue of the Habeas Corpus Act of 1967, approved April 18, 1967 (Ga. L. 1967, p. 835; Code Ann. § 50-127), or under appropriate habeas corpus proceedings in the Federal court.

3. In the majority opinion it is suggested that "the duty to instruct on alibi could be fulfilled by instructing that the evidence presented to prove alibi, considered alone or with all the other evidence, need only be sufficient to create a reasonable doubt of the defendant's guilt. This is a true and simple statement of the law. It is consistent with Georgia Code § 38-122 and could be charged in connection with it."

Except in choice of different words to express the same thought, I am unable to recognize any material difference in legal effect in the language of the charge which the majority opinion suggests would be legally appropriate as compared with the charge actually given; in fact, the charge as actually given appears to be preferable from a legal standpoint, measured by the test of certainty and completeness, than the one proposed as being proper and, therefore, without error.

The final and controlling test as to the correctness of the charge is that in order to convict, the jury must be satisfied of the guilt of the accused beyond a reasonable doubt, and the charge as given makes this test predominant and clear, unqualified and unimpaired by the rule relating to the establish-

ment of the defense of alibi to the reasonable satisfaction of the jury.

In my opinion there is a difference between proof by a *preponderance of evidence* as was required by the Iowa rule and the rule of reasonable satisfaction of the jury as required by the statute of Georgia. That there is a difference is clearly indicated by our Supreme Court in the case of *Bone v. State*, 102 Ga. 387, 393 (30 SE 845), cited in the majority opinion, wherein the court said: "Thus it will be seen that the onus to establish the alibi is on the accused; that this not to be established beyond a reasonable doubt, but to the reasonable satisfaction of the jury. The court in this case charged that the burden was on the accused to show their absence by a preponderance of the testimony. *The preponderance of the testimony might or might not show the facts of the alleged alibi to the reasonable satisfaction of the jury. Less than a preponderance might do so; more might not.* We therefore think that the rule quoted above from *Harrison v. State* [83 Ga. 129], is the proper one; that is, the facts of the alibi must be established to the reasonable satisfaction of the jury." (Emphasis supplied.)

I would affirm the judgment of the trial court.