### 25808. THORNTON v. THE STATE.
### 26047. STYNCHCOMBE, Sheriff v. THORNTON.

PER CURIAM. Gary Thornton appealed his conviction of the offense of armed robbery and life imprisonment sentence (Case No. 25808). While this appeal was pending, he filed a petition for habeas corpus, from the grant of which the appellant sheriff appeals (Case No. 26047).

1. The evidence amply authorized the verdict of guilty of the offense of armed robbery.

838

2. The charge of the court enumerated as the first error is: "Should you convict the defendant of the offense of armed robbery that is, robbery by the use of an offensive weapon, it would become necessary for you to render your verdict in accordance with the form I am about to give. One form would be: 'We, the jury, find the defendant guilty of armed robbery.' That verdict would mean that the court would sentence this defendant to life imprisonment." This charge in and of itself would have been harmful error but it was not error or harmful in view of the circumstances that the death penalty was eliminated as a punishment and that the court, immediately after the above enumerated charge, charged the jury: "Should you convict the defendant of the offense of armed robbery, that is, robbery by the use of an offensive weapon, it would become necessary for you to render your verdict in accordance with the form I am about to give. One form would be: 'We, the jury, find the defendant guilty of armed robbery.' That verdict would mean the court would sentence this defendant to life imprisonment." The court further charged the jury: "I charge you further that should you find the defendant guilty of armed robbery, that is, robbery by the use of an offensive weapon, you may in your discretion fix his punishment by imprisonment in the penitentiary for not less than one nor more than twenty years. In the event you find the defendant guilty of armed robbery and wish to fix the punishment at not less than one nor more than twenty years, the form of your verdict would be: 'We the jury, find the defendant guilty of armed robbery and fix his punishment at blank number of years, filling in the number of years you determine to be proper. It shall not be less than one and not greater than twenty, and it may be any term of service between those two figures.'" Under these circumstances the charge was not harmful error.

3. The other enumeration of error complains of the italicized portion of the following charge: "The defendant sets up as a defense in this case what the law terms an alibi. He claims he was not present but was elsewhere when the alleged offense was committed, if any offense was committed. Alibi is a defense involving the impossibility of the defendant's presence at the scene of the alleged offense at the time of the alleged commission and the range of evidence or showing in respect to time and place must be sufficiently strong to exclude

the possibility of his presence. *The burden is on the accused to establish his alibi not beyond a reasonable doubt but to the reasonable satisfaction that the defendant was elsewhere when the alleged crime was committed, if one was committed, it would be your duty to acquit the defendant.* I further charge you, if the showing as to alibi has not been sufficient to show, to your reasonable satisfaction, that the defendant was elsewhere at the time of the alleged commission of the alleged offense, and any showing whatever of alibi is to be considered by you on the general case along with the rest of the testimony and the defendant's statement, and if a reasonable doubt be raised by the evidence as a whole including the showing as to alibi, the doubt should be given and must be given in favor of innocence and the defendant acquitted."
Under decisions of this court exemplified by *Chaffin v. State*, 225 Ga. 602 (170 SE2d 426), and *Young v. State*, 225 Ga. 255, 258 (167 SE2d 586), this charge was not error. Such charge, when considered with other portions of the charge on alibi as well as the parts of the charge dealing with presumption of innocence, burden of proof, etc., did not have the effect of shifting the burden of proof to the defendant to prove alibi by a preponderance of the evidence. Such charge is distinguishable on its face from the charges in Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415) (opinion on remand, 414 F2d 50 (8th Cir. 1969)); and Stump v. Bennett, 398 F2d 111 (8th Cir. 1968). The conviction appealed from in Case No. 25808 must be affirmed.

4. Under the above ruling, as well as under the decision of this court in *Shoemake v. Whitlock*, 226 Ga. 771, it was error to grant the writ of habeas corpus (Case No. 26047) upon the ground that the charge dealt with in the preceding division violated the defendant's constitutional rights.

*Judgment affirmed in Case No. 25808; reversed in Case No. 26047. All the Justices concur, except Felton, J., who concurs specially in part and dissents in part as to Case No. 25808.*

Argued May 12 and September 16, 1970—
Decided November 5, 1970.

*Stanley H. Nylen,* for Thornton.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Charles B. Merrill, Jr., Deputy Assistant Attorney General,* contra.

FELTON, Justice, concurring specially in part and dissenting in part. Since I am bound by the decisions of this court cited in *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911), holding that such a charge as we have in this case is not erroneous in that it does not violate the due process clause of the State Constitution, I concur specially in the judgment in this case as to Case No. 25808. I dissent as to the holding that the charge does not violate appellant's rights under the 14th Amendment of the U. S. Constitution. I agree with Judge Powell's view expressed in *Smith v. State,* 3 Ga. App. 803 (61 SE 737). And see Mercer L. Rev., Vol. 21, p. 511. As to the Georgia cases I think that all of them rendered by this court holding that the placing of any affirmative burden of proof as to alibi on a defendant were not contrary to the due process clauses of both the State of Georgia and the United States are wrong and should be overruled. I am of the opinion that the action taken by the Supreme Court of the United States remanding the case of Johnson v. Bennett, supra, to the 8th Circuit Court of Appeals, was a direction to reverse the case under the circumstances.

A correct part of the charge, without the withdrawal of the incorrect charge and without the court's calling attention to the incorrect charge and giving direction to disregard it, does not cure the error and harm of the erroneous and harmful charge. *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349).