Jack Henry SMITH

v.

S. Lamont SMITH, Warden, Georgia State Prison.

Tracy SHOEMAKE

v.

J. W. WHITLOCK, Warden, Coweta County Work Camp.

Civ. A. Nos. 14304, 14305.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 23, 1970.

Wood & Goodson, Newnan, Ga., for J. W. Whitlock.

## ORDER

EDENFIELD, District Judge.

Petitioners are state prisoners who have been allowed to file in forma pauperis their respective petitions for the writ of habeas corpus.

Petitioner Shoemake was convicted on two counts of burglary in the Superior Court of Coweta County, Georgia, on March 12, 1969, and is presently serving concurrent sentences of five years on each count in the Coweta County Prison Work Camp. Petitioner sought habeas corpus relief in the Superior Court of Coweta County. Relief was denied and petitioner appealed to the Georgia Supreme Court which affirmed the lower court in Shoemake v. Whitlock, 226 Ga. 771, 177 S.E.2d 677 (1970), on the ground that the issue was not one properly raised by habeas corpus. Exhaustion of state remedies is therefore sufficient under 28 U.S.C. § 2254.

Petitioner Smith was convicted for the offense of robbery in the Superior Court of Fulton County, Georgia, on May 9, 1968, and was sentenced to a ten-year term of imprisonment. Exhaustion of state remedies is alleged and is sufficient under 28 U.S.C. § 2254, in that petitioner sought habeas corpus relief in the Superior Court of Tattnall County. Relief was granted, but on appeal the Supreme Court of Georgia reversed the lower court's decision in Smith v. Smith, 226 Ga. 748, 177 S.E.2d 230 (1970), following the decision in Shoemake v. Whitlock, *supra*.

The cases were consolidated and set for hearing on November 23, 1970.[1]

Petitioners attack their respective convictions solely on the ground that the trial court's charge to the jury, regard-

John McGuigan, Atlanta, Ga., for Jack Henry Smith.

Glenn Zell, Atlanta, Ga., for Tracy Shoemake.

Arthur K. Bolton, Atty. Gen. of Ga., for S. Lamont Smith.

Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga., Sanders, Mottola, Haugen,

---

1. Neither Respondent Whitlock nor his attorney attended the hearing. Subsequent to his response and an order of this court dated November 6, 1970, setting the case down for hearing, respondent informed the court that he had nothing further to present and that he desired the case to be considered solely upon the briefs submitted. In addition to his brief respondent's position was adequately stated at the hearing by counsel representing Respondent Smith.

ing the defense of alibi, was in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Specifically, petitioners contend (1) that the charge placed upon each of them the burden of proving his defense of alibi, thereby shifting the burden of proof to him; (2) that the charge deprived him of the presumption of innocence and relieved the State of the burden of proving each element of the crime charged beyond a reasonable doubt; and (3) that the charge was inconsistent and confusing to the jury.

In Smith's case the trial court gave the following charge on the alibi defense:

"He contends and sets up in his defense under the law what is known as an alibi, and I charge you alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission, and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. Alibi as a defense must be established to the reasonable satisfaction of the jury, and must be such as reasonably to exclude the possibility of the presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, the jury should acquit. Any evidence in the nature of an alibi should be considered by the jury in connection with all other evidence in the case, and if in doing so

the jury should entertain a reasonable doubt as to the guilt of the accused, they should acquit.

"The law of alibi consists of two branches. The first is to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." [2]

The charge given in Shoemake's case is substantially similar.[3]

Jury charges on the defense of alibi have had a long and stormy history in Georgia case law. Alibi as a defense is established by statute.[4] As is true in the cases presently under consideration, Georgia trial courts have traditionally included the language of the statute in jury charges when alibi is present in the case. The major controversy in the case law, however, relates to the phrase, *"Alibi as a defense must be established to the reasonable satisfaction of the jury,"* which also has long been included in jury charges. The cry often heard, and the cry heard here, is that the above-quoted phrase places the burden of proving his alibi on the defendant.[5]

Charges comparable to those presently before the court have often been criticized by both scholars and the Georgia

---

2. The second paragraph of the charge was requested by Petitioner Smith. This fact is emphasized in Respondent Smith's motion to dismiss. The court considers the requested charge merely as an attempt by defendant's trial counsel to bring out the most favorable aspects of Georgia alibi law. The court will not permit petitioner to be prejudiced by the requested charge. The remaining contentions of the motion to dismiss are without merit.

3. The only substantial difference between the charges is that in Shoemake's case the second paragraph of the charge quoted above was not given.

4. Ga.Code Ann. § 38–122 provides: "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence."

5. *But see*, Smith v. State, 3 Ga.App. 803, 61 S.E. 737 (1907) where defendant alleged as error trial court's failure to charge that defendant should be acquitted if he establishes his alibi to the reasonable satisfaction of the jury.

courts. Much of the criticism has centered around the confusing nature of the alibi charge and the fact that Georgia law treats alibi as an affirmative defense.

Professor Green has stated:

"The proposition that the burden of proof is on the defendant to establish alibi and certain other defenses in a criminal case to the reasonable satisfaction of the jury, but that the evidence of the defense is to be considered by the jury in determining whether the State has established guilt of the defendant beyond a reasonable doubt, is contradictory. * * * If an accused may legally be acquitted because evidence of alibi, insanity, or justification raises a reasonable doubt in the mind of the jury, the burden remains on the prosecution to prove the defendant's complicity, mental capacity, and malice. Then why not be satisfied with telling the jury that the burden of establishing guilt beyond a reasonable doubt is on the State? Why not leave out the confusing, contradictory, indeed, meaningless charge that the accused has the burden of proving alibi, etc.?" Green, Georgia Law of Evidence, § 21, at 75–77.

Professor Agnor has made the following criticism:

"The Georgia courts have treated several defenses as affirmative defenses that are not true affirmative defenses. One is the matter of alibi as a defense. Alibi is not a true affirmative defense. It is simply evidence rebutting the case for the prosecution. It is a denial of the charge against the defendant. * * * The jury is charged that the defendant must establish alibi by a preponderance of the evidence, but then must also be charged that the evidence as to alibi must be considered with all the other evidence in the case and that if they then have a reasonable doubt as to his guilt they must acquit. In other words, first he must prove by a preponderance of the evidence that he was not present at the scene of the offense at the time of its commission, but no, really all he must do is raise a reasonable doubt as to his presence. First it is an affirmative defense, then it is not an affirmative defense." 11 Encyclopedia of Georgia Law (Evidence), § 138 at 379.

Judge Powell, in Smith v. State, 3 Ga. App. 803, 61 S.E. 737 (1907), stated:

"In such cases [where affirmative defense is asserted] it is logically consistent to charge that the burden of establishing the case in chief beyond a reasonable doubt rests upon the state, but that the defendant may avoid responsibility, and thereby obtain an acquittal, if he establishes his defense to the reasonable satisfaction of the jury. Alibi is no such defense, and it is confusing and incongruous so to classify it. In truth, the burden of proving an alibi is never on the defendant. The burden of proving his presence is on the state throughout the trial, and the evidence of his absence tends merely to weaken or disprove the testimony of the state's witnesses on this point." At 806, 61 S.E. at 739.

Though criticized, the Georgia charge on alibi has consistently been upheld, primarily on the authority of Harrison v. State, 83 Ga. 129, 9 S.E. 542 (1889). There the Georgia Supreme Court stated:

"Touching alibi, the rule in Georgia, as established by authority, consists of two branches: The first is that, to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and, if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." At 130, 9 S.E. at 542.

Even in announcing this rule Chief Justice Bleckley did not pass up the oppor-

tunity to criticize Georgia's law regarding alibi.[6]

It is under the second principle of the two-pronged approach of *Harrison* that the Georgia courts have upheld the alibi charge. *E. g.*, Chaffin v. State, 225 Ga. 602, 170 S.E.2d 426 (1969); Young v. State, 225 Ga. 255, 167 S.E.2d 586 (1969); Laminack v. State, 187 Ga. 648, 2 S.E.2d 99 (1939); Jones v. State, 130 Ga. 274, 60 S.E. 840 (1908); Cochran v. State, 113 Ga. 726, 39 S.E. 332 (1901); Bone v. State, 102 Ga. 387, 30 S.E. 845 (1897); Hale v. State, 110 Ga.App. 236, 138 S.E.2d 113 (1964); Copeland v. State, 33 Ga.App. 150, 125 S.E. 781 (1924). To fail to charge the jury as to the second prong of the alibi defense has been held to be error. Moody v. State, 17 Ga.App. 121, 86 S.E. 285 (1915); Callahan v. State, 14 Ga.App. 442, 81 S.E. 380 (1914). Use of the two-pronged alibi charge has expressly been held not to be confusing. Davis v. State, 205 Ga. 719, 55 S.E.2d 214 (1949). Thus it appears that Georgia law permits a charge which requires defendant to prove by some quantum of evidence his defense of alibi, if the charge also instructs the jury to consider evidence of alibi with evidence of the general case and directs the jury to acquit if the evidence as a whole raises a reasonable doubt in their mind as to the defendant's guilt.

Exactly what quantum of proof is required of the defendant is not clear. It is clear that the defendant is not required to prove his alibi beyond a reasonable doubt; Hale v. State, 110 Ga. App. 236, 138 S.E.2d 113 (1964); Evans v. State, 13 Ga.App. 700, 79 S.E. 916

(1913); but there has been some question in the past as to whether defendant must prove his alibi by a preponderance of the evidence. Several Georgia cases seemed to have placed such a burden on the defendant. Laminack v. State, 187 Ga. 648, 2 S.E.2d 99 (1939); Jones v. State, 130 Ga. 274, 60 S.E. 840 (1908); Cochran v. State, 113 Ga. 726, 39 S.E. 332 (1901); Bone v. State, 102 Ga. 387, 30 S.E. 845 (1897); Copeland v. State, 33 Ga.App. 150, 125 S.E. 781 (1924). Some cases have specifically held the placing upon a defendant the burden of proving his alibi by a preponderance of the evidence to be error. Pritchard v. State, 178 S.E.2d 808 (Ga.App.1970); Moultrie v. State, 93 Ga.App. 396, 92 S. E.2d 33 (1956). The most widely used wording of defendant's burden is that "alibi must be established to the reasonable satisfaction of the jury," and this standard has been widely approved throughout the Georgia cases. Porter v. State, 200 Ga. 246, 36 S.E.2d 794 (1946); Eugee v. State, 159 Ga. 604, 126 S.E. 471 (1925); Harrison v. State, 83 Ga. 129, 9 S.E. 542 (1889); Johnson v. State, 59 Ga. 142 (1877); Lewis v. State, 11 Ga.App. 102, 74 S.E. 708 (1912). Several cases seem to indicate that reasonable satisfaction of the jury and preponderance of the evidence are the same. Bone v. State, 102 Ga. 387, 30 S.E. 845 (1897); Hale v. State, 110 Ga.App. 236, 138 S.E.2d 113 (1964). More recent authority indicates that the two standards might not be the same. Pritchard v. State, 178 S.E.2d 808 (Ga.App.1970).

Decisions from the Eighth Circuit have had a noticeable impact on the Georgia alibi charge. In Stump v. Ben-

---

6. In *Harrison, supra,* the Chief Justice stated: "Were our own minds not hedged in by authority, we should be inclined to adopt the view expressed by Judge Thompson (2 Thomp. on Trials, § 2436), who, after recognizing that the burden of proof is upon the accused, adds: 'But, upon the most unshaken grounds, this burden is sustained, and adequate quantum of proof produced by the defendant, when he succeeds in raising a reasonable doubt in the minds of the jurors as to

whether or not he was at the place of the crime when it was committed.' * * * It seems to us that, in the metaphysics of trial, there is great difficulty in distinguishing between reasonable doubt on the specific defense of alibi and reasonable doubt of guilt upon the whole case taken together. Where presence is necessary to constitute guilt, it seems that a reasonable doubt of presence would, by irresistible logic, involve reasonable doubt of guilt." At 135, 9 S.E. at 544.

nett, 398 F.2d 111 (8th Cir. 1968), the Eighth Circuit held the Iowa charge on alibi unconstitutional which required a defendant to prove his alibi by a preponderance of the evidence. Prior to *Stump*, the Eighth Circuit had upheld the Iowa alibi charge. Johnson v. Bennett, 386 F.2d 677 (8th Cir. 1967). The United States Supreme Court granted certiorari and subsequently remanded the case for reconsideration in light of the intervening *Stump* decision. Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968). On remand, the *Stump* decision was followed. Johnson v. Bennett, 414 F.2d 50 (8th Cir. 1969).

In light of these developments from the Eighth Circuit, Judge Hall of the Georgia Court of Appeals held the Georgia charge on alibi to be unconstitutional in Parham v. State, 120 Ga.App. 723, 171 S.E.2d 911 (1969), and stated:

" * * * [A] charge to the jury that alibi must be established by the defendant to the reasonable satisfaction of the jury is error for the reason that it shatters the presumption of innocence, creates confusion in the minds of the jury, shifts the burden of persuasion to the defendant on the issue of his presence at the crime and requires him to establish his innocense, is inconsistent with the principle that the State must prove the defendant's guilt beyond a reasonable doubt, and thereby violates funda-

mental rights incorporated in the due process clause of the Fourteenth Amendment of the United States Constitution." *Parham, supra,* at 723–724, 171 S.E.2d at 912.

A United States District Court in this district has had occasion to consider comparable Georgia charges regarding the alibi defense.[7] In Hudson v. Stynchcombe, Civil Action No. 13132 (N.D.Ga., Dec. 17, 1969), and Chaffin v. Stynchcombe, Civil Action No. 13340 (N.D. Ga., Dec. 17, 1969), the charges given to the jury were held to be in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Subsequent to these decisions, however, the Georgia Supreme Court has persisted to uphold similar charges;[8] Thornton v. State, 226 Ga. 837, 178 S.E.2d 193 (1970); Williams v. State, 226 Ga. 140, 173 S.E.2d 182 (1970); and have refused to consider the constitutionality of the alibi charge on petition for habeas corpus. Shoemake v. Whitlock, *supra.* The Georgia Supreme Court though recognizing the Eighth Circuit decisions and the decision in Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968), have held the Georgia alibi charge to be distinguishable on its face. The Georgia Supreme Court apparently believes there is a sufficient distinction between "preponderance of evidence" and "reasonable satisfaction of the jury," to authorize the upholding of the Georgia charge in

---

7. The charges considered in *Hudson, infra,* and *Chaffin, infra,* are as follows: "Alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, the jury should acquit. Any evidence in the nature of an alibi should be considered by the jury in connection with all other evidence in the case and if in doing so, the

jury should entertain a reasonable doubt as to the guilt of the accused, they should acquit."

8. Justice Felton, concurring specially in part and dissenting in part in *Thornton, supra,* has provided an exception to the court's view. He stated: "As to the Georgia cases I think that all of them rendered by this court holding that the placing of any affirmative burden of proof as to alibi on a defendant were not contrary to the due process clauses of both the State of Georgia and the United States are wrong and should be overruled."

the face of the Eighth Circuit decisions and the decisions of this court.

With the history of the Georgia case law behind us, we must now proceed to make the three necessary determinations of the case. First, can this court entertain on petition for habeas corpus a constitutional challenge to a state court's jury instructions? Second, are the concepts of the State's burden of proof in criminal cases and the accused's presumption of innocence an integral part of due process rights? Third, have petitioners been denied due process by the jury charge given in the state court?

■ It is not difficult to determine that this court is authorized to review the jury instruction when constitutional questions are presented. The Fifth Circuit Court of Appeals has stated:

> "Habeas corpus does not lie to set aside a conviction on the basis of improper jury instructions *unless* the impropriety is a clear denial of due process so as to render the trial fundamentally unfair." Higgins v. Wainwright, 424 F.2d 117, 178 (5th Cir. 1970). *Accord,* McDonald v. Sheriff of Palm Beach, Florida, 422 F.2d 839 (5th Cir. 1970); Murphy v. Beto, 416 F.2d 98 (5th Cir. 1969); Gomez v. Beto, 402 F.2d 766 (5th Cir. 1968).

■ The principle that the State has the burden of proof in all criminal cases and that the accused is clothed with the presumption of innocence have long been regarded as an integral part of the concept of due process. In regard to the presumption of innocence, the Supreme Court stated in Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895), that:

> "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." 156 U.S. at 453, 15 S.Ct. at 403.

As to the burden of proof, the Supreme Court stated in Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958):

> "There is always in litigation a margin of error, representing error in factfinding, which both parties must take into account. Where one party has at stake an interest of transcending value—as a criminal defendant his liberty—this margin of error is reduced as to him by the process of placing on the other party the burden of producing a sufficiency of proof in the first instance, and of persuading the factfinder at the conclusion of the trial of his guilt beyond a reasonable doubt. Due process commands that no man shall lose his liberty unless the Government has borne the burden of producing the evidence and convincing the factfinder of his guilt." 357 U.S. at 525–526, 78 S.Ct. at 1342. *See also* Cummings v. Missouri, 4 Wall. 277, 328, 71 U.S. 277, 18 L.Ed. 356 (1866); Morrison v. California, 291 U.S. 82, 93, 54 S.Ct. 281, 78 L.Ed. 664 (1934); Deutch v. United States, 367 U.S. 456, 471, 81 S.Ct. 1587, 6 L.Ed. 2d 963 (1961).

When the burden of proof (*i. e.*, persuasion) is shifted to the defendant to disprove essential elements of a crime, then it is certain that the due process clause of the Fourteenth Amendment has been violated. Stump v. Bennett, *supra*, citing Deutch v. United States, 367 U.S. 456, 471, 81 S.Ct. 1587, 6 L.Ed.2d 963 (1961); Speiser v. Randall, 357 U.S. 513, 525, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958); Morissette v. United States, 342 U.S. 246, 275, 72 S.Ct. 240, 96 L.Ed. 288 (1952); Morrison v. California, 291 U. S. 82, 93, 54 S.Ct. 281, 78 L.Ed. 664 (1934); Manley v. Georgia, 279 U.S. 1, 6, 49 S.Ct. 215, 73 L.Ed. 575 (1929); McFarland v. American Sugar Refining Co., 241 U.S. 79, 86, 36 S.Ct. 498, 60 L. Ed. 899 (1916).

Turning now to the merits of petitioner's claim, the court notes that a

substantial portion of the confusion in the case law may be attributed to the confusion surrounding the term "burden of proof." There may be said to be two aspects to this burden. First, there is the burden of persuasion or, as it is traditionally called, the burden of proof. Second, there is the burden of going forward with the evidence, or as it is traditionally termed, the burden of the evidence. Clearly the burden of proof, as opposed to the burden of the evidence, is properly on the State in criminal cases. *See* Green, Georgia Law of Evidence, §§ 17, 18, 21, 22; Wigmore, Evidence (3d ed.), §§ 2485, 2487, 2489.

■ ■ At the outset of a criminal trial, the State has both burdens upon it. If during the presentation of its case the State presents sufficient evidence to rebut the accused's presumption of innocence beyond a reasonable doubt, then the burden of going forward with the evidence shifts to the accused, otherwise, he would stand convicted. The accused is under no duty to present evidence or to establish it by any quantum of proof. He is merely in the interest of justice given an opportunity to rebut the State's evidence. If the accused fails to rebut the State's evidence, he will be convicted. If his rebuttal is successful, he will be acquitted. At no time during a criminal trial does the burden of proof shift to the accused.

■ Notwithstanding this confusion, under Georgia law the burden of proof (*i. e.*, burden of persuasion) is cast upon the accused to prove his alibi by some quantum of proof. Regardless of what quantum of proof is required, this practice is unconstitutionally impermissible in cases involving the alibi defense. We note that the charge states, "Alibi as a defense, *must be established* to the reasonable satisfaction of the jury," and leads us to the unavoidable conclusion that the burden is on the accused. The Georgia appellate courts have consistently upheld the charge on the ground that

the jury is also charged to consider evidence of alibi along with all evidence in the case and if the evidence as a whole raises a reasonable doubt as to defendant's guilt, he should be acquitted. It is an understatement to conclude that such instruction is confusing and inconsistent.

■ ■ This, however, is insufficient in and of itself to enable this court to grant relief. When considered in light of the fact that the instruction places the burden of proof on the defendant, this court is compelled to remove the contested portion of the charge as in violation of due process. To reach a contrary conclusion would in effect require the defendant to prove his "non-presence" at the scene of the offense at the time of its commission. Being an essential element of the crime, the State must prove beyond a reasonable doubt defendant's presence at the commission of the offense. It is impermissible to require the defendant to prove his non-presence by any definite quantum of proof. Assuming that the State presents evidence of defendant's presence, the burden of going forward with evidence to contradict the State's evidence may shift to the defendant but it must not carry with it the requirement that defendant establish his evidence by any quantum of proof (*i. e.*, a burden of proof or persuasion). Evidence of alibi should come into the case like any other evidence for the jury's consideration as to whether guilt has been established beyond a reasonable doubt.

Long ago the Fifth Circuit properly stated the posture of the alibi defense. In Falgout v. United States, 279 F. 513 (5th Cir. 1922), the Court stated:

"By adducing that evidence [of alibi] the defendants did not assume any burden of proof. After, as well as before, that evidence was adduced, the burden was on the prosecution to prove that when the crime was committed the defendants were at a place at which they could take part in the commis-

sion of it and that they did participate in committing it.

"Evidence tending to prove an alibi was in rebuttal of evidence offered by the prosecution tending to sustain the charges contained in the indictment. Such evidence is effective in behalf of a defendant in a criminal case, if it, when considered in connection with the other evidence adduced, gives rise to a reasonable doubt of his guilt of the offense charged, though there is no finding that an alibi was shown by a preponderance of evidence. The burden of proof did not shift, and it was not upon the defendants to establish alibis by a preponderance of evidence.[9]  At 515.

We find it immaterial whether the burden is termed "preponderance of the evidence" or "reasonable satisfaction of the jury." Defendant has no burden to prove his alibi. Evidence of alibi should come into the case like any other evidence, and should be submitted to the jury for consideration of whether the evidence as a whole proves defendant's guilt beyond a reasonable doubt. Thus, we find the Georgia charge on alibi, insofar as it places the burden of proving his alibi on the accused, to be unconstitutional as in violation of due process.

It is, therefore, ordered and adjudged that the writ of habeas corpus be granted and petitioners be remanded to their respective state courts of conviction for new trial. The State is directed to retry petitioners within four months after the final determination of this case. If the State does not appeal, it is directed that petitioners be retried prior to April 1, 1971. In the event the State fails to retry petitioner as directed the case shall stand dismissed.

9. In *Falgout*, *supra*, the trial court had refused to give the following instruction: "Where the defense is an alibi, then the evidence in support of it should be considered in connection with all the other evidence in the case, and if, on the whole evidence, there is reasonable doubt of the guilt of an accused, he should be acquitted. The burden of proof is not upon an accused to establish an alibi by a preponderance of evidence." At 515.