**Gary Allister THORNTON, Petitioner,**

v.

**Leroy STYNCHCOMBE, Sheriff of Fulton County, Respondent.**

**Civ. A. No. 14427.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 12, 1971.

Stanley H. Nylen, Atlanta, Ga., for petitioner.

Charles B. Merrill, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER OF COURT

MOYE, District Judge.

Thornton has filed his petition for habeas corpus, in which he attacks the charge on alibi given in his trial as denying him his rights under the Fourteenth Amendment.

Thornton was convicted of armed robbery in the Fulton Superior

Court on November 20, 1969, and is serving a life sentence imposed thereon. The alibi charge[1] he attacks was given to the jury in this trial. It is his contention that this charge deprived him of the presumption of innocence.[2]

He filed an appeal from his conviction, and while that appeal was pending, filed a petition for habeas corpus. The Court granted relief in his habeas corpus, based on Parham v. State, 120 Ga. App. 723, 171 S.E.2d 911 (1969), and ordered a new trial. The direct appeal, Thornton v. State, 226 Ga. 837, 178 S.E. 2d 193, was consolidated in the Supreme Court with the State's appeal from the grant of a new trial in the habeas corpus case, Stynchcombe v. Thornton, 226 Ga. 837, 178 S.E.2d 193. Both are reported at 226 Ga. 837, 178 S.E.2d 193 (1970).

The Georgia Supreme Court, with one judge dissenting, affirmed the conviction and reversed the habeas corpus case in a *per curiam* opinion, placing their reliance upon Chaffin v. State, 225 Ga. 602, 170 S.E.2d 426 (1969), and Young v. State, 225 Ga. 255, 167 S.E.2d 586 (1969). The *Young* and *Chaffin* cases affirmed convictions against attacks on the "alibi charge", based on the charge as a whole, and held that the charge did not shift the burden to the defendant to prove alibi by a preponderance of the evidence. Thornton v. State, *supra*. The Supreme Court distinguished Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968), and Stump v. Bennett, 398 F.2d 111 (8th Cir. 1968),

apparently on the distinction in the words "preponderance" and "reasonable satisfaction".

The State resists petitioner's efforts on three fronts. First, the State asserts that since defendant Thornton did not except to the charge at the time it was made, he cannot do so on appeal or in this Court on habeas corpus. Secondly, the State asserts that petitioner was given a full and fair hearing at his armed robbery trial, and that the alibi charge did not prejudice him. Finally, the State moves to dismiss the petition since it was not verified.

■ The Court first addresses itself to the verification. Petitioner has moved to amend the petition to include the verification. The Court is of the opinion that it is better to reach the merits of the complaint, rather than dismiss on a technical ground; and since no prejudice is shown by the State, the amendment is ALLOWED filed.

■ The first substantive ground of respondent's motion to dismiss is that by failing to object to the alibi charge at trial petitioner has waived his right to raise it now. Respondent asserts that there is no "state action" as required by the Fourteenth Amendment, since, if the charge caused petitioner's conviction, it was the result of his "own conduct, concurrence, or acquiescence." Petitioner, of course, raised the ground on his habeas corpus petition. Presumably the same point was raised on direct appeal, probably by motion for a new trial, since the Supreme Court consolidated the cas-

---

1. "The defendant sets up as a defense in this case what the law terms an alibi. The claims he was not present but was elsewhere when the alleged offense was committed, if any offense was committed. [sic] Alibi is a defense involving the impossibility of the defendant's presence at the scene of the alleged offense at the time of the alleged commission and the range of evidence or showing in respect to time and place must be sufficiently strong to exclude the possibility of his presence.

"The burden is on the accused to establish his alibi not beyond a reasonable doubt but to the reasonable satisfaction that the defendant was elsewhere when the alleged crime was committed, if one was committed, it would be your duty to acquit the defendant."—Transcript, 115.

2. Although there is no "standard" alibi charge per se, it appears that the "approved" Georgia alibi charge places the burden upon defendant, although in varying words, to prove his alibi to the "reasonable satisfaction" of the jury. See, the Georgia cases cited in Smith v. Smith, C.A. No. 14304, *infra*. It is the placing of this burden upon a defendant, regardless of the words used, which is here under attack.

es and made no differentiation in its ruling between the habeas corpus case and the appeal as to the points raised. While the law cited by petitioner is weak, it does support the proposition that a challenge to the charge may be made on a motion for new trial, and the Court is convinced that this is the correct rule. *See,* Ga.Code Ann. § 70–301; Harris v. State, 190 Ga. 258, 9 S.E.2d 183 (1940); Nix v. State, 94 Ga.App. 141, 93 S.E.2d 783 (1956). The State offers no law to the contrary, and the Court is persuaded that this ground for the State's motion to dismiss is not well taken. *Accord,* Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1968).

■ This brings the Court to the merits of the case, to wit, deciding whether the Georgia alibi charge places a burden upon petitioner, as a criminal defendant, to prove his alibi, and is therefore unconstitutional as a violation of due process. We hold that it is.

This Court has previously considered the exact question presented today. In an order filed by Judge Edenfield on December 28, 1970, in Smith v. Smith, C.A. No. 14304, and Shoemake v. Whitlock, 321 F.Supp. 482 (N.D.Ga.1970), this Court found that the Georgia alibi charge is unconstitutional. That decision, which is being appealed by the State, was not cited to the court. See particularly pp. 11–12 of the December 28, 1970 order.

Judge Edenfield considered the Georgia cases, *Parham, Chaffin* and *Young, supra,* as well as Johnson v. Bennett and Stump v. Bennett, *supra.* The Court in an exhaustive and thorough opinion, dealt with the Georgia history as well as the constitutional imperatives. We see no reason to retreat from our decision in Smith v. Smith, *supra,* and decline to do so.

Therefore, it is ordered and adjudged that the writ of habeas corpus is granted and petitioner is remanded to Fulton County for a new trial. If the State has failed to retry petitioner within four months of final determination of this case if appealed, or four months of the date of this order if not appealed, he may return to this Court for appropriate relief.