### 47282. ROBINSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for burglary. He contends the court erred both by charging on alibi when he had not set it up as a defense and by giving an incomplete charge on the subject.

Defendant made a statement in which he said he was at home in bed at the time the crime was perpetrated. This is, by implication, a plea of alibi which authorized the court to give an appropriate instruction. *Taylor v. State,* 155 Ga. 785 (118 SE2d 675).

The court's entire charge on alibi reads as follows: "[T]he defendant has denied his guilt of either or both of these offenses, and I charge you that alibi as a defense involve[s] a denial of guilt and the impossibility of the accused's presence at the scène of the offense at the time of its commission. Evidence as to alibi should be considered by the jury in connection with all other evidence in the case." This charge is *more* favorable to the defendant than that which the Georgia Supreme Court has approved. See *Thornton v. State,* 226 Ga. 837 (178 SE2d 193). But see also *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911) and Smith v. Smith, 454 F2d 572.

*Judgment affirmed. Pannell and Quillian, JJ., concur.* SUBMITTED JUNE 6, 1972—DECIDED JUNE 14, 1972.

*Casey Thigpen,* for appellant.
*H. R. Thompson, District Attorney,* for appellee.